1   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
2   SOPHIA BEHNIA, Bar No. 289318
    sbehnia@littler.com
3   PERRY K. MISKA, JR, Bar No. 299129
    pmiska@littler.com
4   LITTLER MENDELSON, P.C.
    333 Bush Street
5   34th Floor
    San Francisco, California  94104
6   Telephone:    415.433.1940
    Facsimile:    415.399.8490
7
8   JAMES M. CLEARY, Texas Bar No. 00783838
    cleary@mdjwlaw.com
9   MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
    808 Travis, 20th Floor
    Houston, TX 77002
10  Telephone:    713.632.1775
    Fax No.:      713.222.0101
11  *Pro Hac Vice Application To Be Filed*

12  Attorneys for Defendant
    CERTIFIEDSAFETY, INC.
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  TIERRE CRUMMIE, individually and on       Case No.  3:17-cv-03892
    behalf of all others similarly situated,
18                                             **DEFENDANT'S NOTICE OF REMOVAL
                    Plaintiff,                 TO FEDERAL COURT**
19
          v.                                   **[28 U.S.C. §§ 1332, 1441, and 1446]**
20
    CERTIFIEDSAFETY, INC., an unknown          Trial Date:  None Set
21  business entity; and DOEs 1-100, inclusive,

22                  Defendant.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant CERTIFIEDSAFETY, INC. ("CertifiedSafety" or "Defendant") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-entitled action, Case No. RG17857851, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  This removal is based on 28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446.  Here, as set forth below, this case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one class member and one defendant and the amount in controversy for all putative class members exceeds $5 million.  *See* 28 U.S.C. § 1332(d).

## II.   VENUE

2.   The action was filed in the Superior Court of the State of California, County of Alameda.  Venue properly lies in the United States District Court for the Northern District of California because it is the district court where the state court action is pending.  *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

## III.   PLEADINGS, PROCESS AND ORDERS

3.   This lawsuit arises out of Plaintiff Tierre Crummie's ("Plaintiff") employment with CertifiedSafety.  On April 24, 2017, Plaintiff filed a Class Action Complaint for Damages in the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                              2.

1    Superior Court of the State of California, County of Alameda, entitled *TIERRE CRUMMIE,*

2    *individually, and on behalf of other members of the general public similarly situated v.*

3    *CERTIFIEDSAFETY INC., an unknown business entity; and DOES 1 through 10, inclusive*,

4    designated as Case No. RG17857851 (herein referred to as the "Complaint"). A true and correct

5    copy of the Service of Process Transmittal, Summons, Complaint, and Civil Case Cover Sheet are

6    attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

7          4.      The Complaint purports to assert the following claims for relief: (1) Failure to pay

8    overtime wages [California Labor Code §§ 510 and 1198]; (2) Failure to provide meal periods

9    [California Labor Code §§ 226.7 and 512(a)]; (3) Failure to provide rest periods [California Labor

10   Code § 226.7] (4) Failure to pay minimum wages [California Labor Code §§ 1194, 1197 and

11   1197.1]; (5) Failure to timely pay final wages [California Labor Code §§ 201 and 202]; (6) Failure to

12   timely pay wages during employment [California Labor Code § 204]; (7) Failure to provide accurate

13   itemized wage statements [California Labor Code § 226(a)]; (8) Failure to maintain requisite payroll

14   records  [California Labor Code § 1174(d)]; (9) Failure to reimburse business expenses [California

15   Labor Code §§ 2800 and 2802]; and (10) Unfair/unlawful/fraudulent business practices [California

16   Business & Professions Code §§ 17200, *et. seq.*].  (*See* Complaint ("Compl."), **Exhibit "A"**).

17         5.      CertifiedSafety's agent for service of process, CT Corporation, was served with a

18   copy of the Summons and Complaint on June 9, 2017.  (*See* Service of Process Transmittal, **Exhibit**

19   **"A"**).

20         6.      CertifiedSafety's agent for service of process, CT Corporation, was served with a

21   copy of the Plaintiff's First Amended Class Action Complaint for Damages & Enforcement under

22   the Private Attorneys General Act, California Labor Code § 2698, *et. seq.* on June 30, 2017

23   ("Amended Complaint"). A true and correct copy of the Service of Process Transmittal and

24   Amended Complaint are attached to this Notice as **Exhibit "B"** pursuant to 28 U.S.C. §1446(a).

25         7.      The First Amended Complaint purports to assert the following claims for relief: (1)

26   Failure to pay  overtime wages [California Labor Code §§ 510 and 1198]; (2) Failure to provide

27   meal periods [California Labor Code §§ 226.7 and 512(a)]; (3) Failure to provide rest periods

28   [California Labor Code § 226.7] (4) Failure to pay minimum wages [California Labor Code §§ 1194,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                        3.

1197 and 1197.1]; (5) Failure to timely pay final wages [California Labor Code §§ 201 and 202]; (6) Failure to timely pay wages during employment [California Labor Code § 204]; (7) Failure to provide accurate itemized wage statements [California Labor Code § 226(a)]; (8) Failure to maintain requisite payroll records   [California Labor Code § 1174(d)]; (9) Failure to reimburse business expenses [California Labor Code §§ 2800 and 2802]; (10) Unfair/unlawful/fraudulent business practices [California Business & Professions Code §§ 17200, *et. seq.*]; and (11) Recovery of civil penalties through a representative action pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") [California Labor Code §§ 2698, *et seq.*], for the alleged violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.  (*See* First Amended Complaint ("Amended Compl."), **Exhibit "B"**).

1.    On July 7, 2017, CertifiedSafety filed an Answer to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in the Superior Court of California, County of Alameda.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit "C"**.

2.    On July 10, 2017, CertifiedSafety filed an Answer to Plaintiff's First Amended Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in the Superior Court of California, County of Alameda.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Answer to Plaintiff's First Amended Complaint is attached hereto as **Exhibit "D"**.

3.    With the exception of those attached as Exhibits A, B, C and D, Defendant has not been served, nor it is aware of any other pleadings, process or orders related to this case have been filed with the Superior Court of California, County of Alameda.

**IV.    NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

4.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, Edwin Aiwazian, of Lawyers for Justice, PC, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Alameda as required by 28 U.S.C. §1446(d).

**V.    TIMELINESS OF REMOVAL**

5.    A notice of removal in a civil action must be filed within thirty days after service of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                        4.

1    the summons and complaint.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe*

2    *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon

3    service of the summons and complaint).  Here, CertifiedSafety's agent for service of process, CT

4    Corporation, was served with a copy of the Summons and Complaint on June 9, 2017.  Because

5    thirty days from June 9, 2017, falls on a weekend, removal of this action on or before July 10, 2017,

6    is timely.  *See* Fed. R. Civ. Proc. 6(a); *Yanik v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS

7    115717, fn. 6 (C.D. Cal. 2010); *see also Graiser v. Visionworks of Am. Inc.,* 819 F.3d 277, 281 (6th

8    Cir. 2016).  CertifiedSafety has filed this Notice in accordance with the deadline, thus making it

9    timely.

10   **VI.    CAFA JURISDICTION**

11        6.    CAFA grants federal district courts original jurisdiction over civil class action

12   lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the

13   amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

14   CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below,

15   this case meets each CAFA requirement for removal, and is timely and properly removed by the

16   filing of this Notice.  Specifically, this Court has jurisdiction over this case under CAFA because it

17   is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is

18   not a state, state official or other governmental entity; (3) there is diversity between at least one class

19   member and one defendant; and (4) the amount in controversy for all putative class members

20   exceeds $5 million.

21        **A.    The Proposed Class Contains More Than 100 Members.**

22        7.    As set forth in his Amended Complaint, Plaintiff pursues his alleged claims on behalf

23   of himself and a class defined as "[A]ll current and former hourly-paid or non-exempt employees

24   who worked for any of the Defendants within the State of California at any time during the period

25   from April 24, 2013 to final judgment."  (Amended Compl. at ¶ 13).  Plaintiff includes both current

26   and former employees across the entire State in his allegations.   In this regard, the class, as defined

27   by Plaintiff, currently consists of approximately 802 individuals who are and/or were employed by

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    5.

1    CertifiedSafety during the putative class period.   (Declaration of Stephen Hines in Support of

2    Defendant's Notice of Removal ("Hines Decl.") at ¶ 6(a)).

3        **B.    Defendant Is Not A Governmental Entity.**

4        8.    Defendant is a corporation, not a state, state official or any other governmental entity.

5    (Hines Decl. at ¶ 2.)

6        **C.    CAFA Diversity Of Citizenship Exists.**

7        9.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of

8    a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A);

9    1453(b).   In a class action, only the citizenship of the named parties is considered for diversity

10   purposes and not the citizenship of the class members.   *Snyder v. Harris,* 394 U.S. 332, 339-40

11   (1969).   Minimal diversity of citizenship exists here because Plaintiff and CertifiedSafety are

12   citizens of different states.

13       10.    At the time this action was commenced, Plaintiff was a resident of the State of

14   California.   (Compl. at ¶ 6; Amended Compl. at ¶ 5).   Allegations of residency in a state court

15   complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.   *Lew v.*

16   *Moss*, 797 F.2d 747, 751 (9th Cir. 1986).   Accordingly, Plaintiff is a citizen of the State of California.

17   *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place

18   he or she resides with the intention to remain).

19       11.    For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state

20   by which it has been incorporated and of the state where it has its principal place of business.   28

21   U.S.C. § 1332(c)(1).   As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130

22   S. Ct. 1181, 175 L.Ed.2d 1029 at ¶ 2 of the Syllabus (2010), "the phrase 'principal place of business'

23   in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and

24   coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its

25   corporate headquarters."

26       12.    CertifiedSafety was, at the time of the filing of this action, and remains a citizen of

27   the State of Texas, in that it was and continues to be a corporation incorporated under the laws of the

28   State of Texas with its principal place of business and corporate headquarters in League City, Texas.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    6.

(Hines Decl. at ¶ 2). Specifically, nearly all of CertifiedSafety's corporate functions are conducted and based in Texas, including human resources, finance, legal, payroll, information technology and executive and administrative support functions that are important to CertifiedSafety's strategic leadership and day-to-day operations. (*Id.*). In addition, all of CertifiedSafety's senior executive team is based in its corporate headquarters office in League City, Texas. (*Id.*).

13.     Defendants Does 1 through 100 are fictitious. (Amended Compl. at ¶ 9). Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14.     Accordingly, Plaintiff is a citizen of California, CertifiedSafety is incorporated in and has its principal place of business outside of California, and, therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### D.     The Amount In Controversy Exceeds $5,000,000.

15.     "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Where, as here, the Amended Complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

16.     Although CertifiedSafety expressly denies any liability for the damages alleged in Plaintiff's Amended Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis*, *supra,* 627 F. 3d at 400 (9th Cir. 2010). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Amended Complaint, not what Defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

7.

2005); *accord Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

17.    CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).    Here, the Amended Complaint unquestionably places more than $5 million in controversy.

18.    The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a).  The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*.  Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id*. at 553.  "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

19.    District courts in California have disagreed on the extent to which defendants may assume certain variables, such as hours of overtime worked, when calculating the amount in controversy for removal purposes.  *See Anderson v. Schwan Food Co.*, 2013 U.S. Dist. LEXIS 109159 *8-10, 19 (N.D. Cal. Aug. 2, 2013) (citing *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1127 (C.D. Cal. Aug. 31, 2010)) (remanding class action to state court when complaint specifically plead total damages did not exceed $5 million and defendant based removal on "unsupported assumptions").

20.    Some district courts have assumed a 100% violation rate when the complaint does not allege a more precise calculation.  *See, e.g.*, *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D . Cal. July 9, 2010); *Muniz v. Pilot Travel Ctrs., LLC*, 2007 U.S. Dist. LEXIS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                                      8.

31515 at *12-13 (E.D. Cal. Apr. 30, 2007).   Others reject purely speculative assumptions and evaluate defendant's calculations for reasonableness in light of the allegations in the complaint.  *See, e.g.*, *Anderson*, 2013 U.S. Dist. LEXIS 1009159 at *10; *Altamarino v. Shaw Indus.*, 2013 U.S. Dist. LEXIS 84236 at *12 ("[I]f, for example, the allegations in the complaint provide no basis for certain assumptions in the calculations, a defendant must provide some evidence rather than relying on mere unsupported speculation or conclusory allegations") (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Ruby v. State Farm. Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812 (reviewing defendant's amount in controversy assumptions and calculations for support from pleadings or facts).

21.     Here, Plaintiff does not allege the amount in controversy.   When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and the notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 554.

22.     While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Amended Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action demonstrate that the total amount in dispute is far in excess of this Court's jurisdictional minimum.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).   "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).  The Defendant's chain of reasoning and assumptions presented below in support of its analysis of the amount in controversy for CAFA removal are not only reasonable, they are extremely conservative.

23.     Plaintiff seeks to recover damages during the four year statute of limitations for claims alleged as unfair business practices.  *See* Bus. & Prof. Code § 17200, *et seq*.  (Amended

Compl. at ¶¶ 118-123).  For the purposes of this analysis, CertifiedSafety has based its calculations on the personnel and timekeeping data maintained in the ordinary course of business from the beginning of the statutory period, April 24, 2013, to May 7, 2017, unless required otherwise by a statutory penalty.  (Hines Decl. at ¶¶ 4, 6(a)-(k)).  This period is referred to herein as the "Removal Damages Period."

24.    During the Removal Damages Period, CertifiedSafety has employed approximately 802 hourly or non-exempt employees in California ("Putative Class Members").  (Hines Decl. at ¶ 6(a)).  These individuals are compensated on an hourly basis and paid weekly.  (*Id.* at ¶ 5).  The hourly rates paid during the Removal Damages Period range from approximately $13.00 per hour to $31.50 per hour.  (*Id.* at ¶ 6(b)).

25.    During the Removal Damages Period, Putative Class Members worked a cumulative total of approximately 11,163 workweeks.  (Hines Decl. at ¶ 6(c)).

### 1.    First and Fourth Causes of Action: Alleged Unpaid Wages

26.    Plaintiff's first cause of action alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week."  (Amended Compl. at ¶ 59).  Plaintiff further alleges that Plaintiff and the Putative Class Members were not compensated for their time worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.  (*Id.* at ¶ 60).  In addition, Plaintiff's fourth cause of action alleges that CertifiedSafety "failed to pay minimum wage to Plaintiff and the [Putative Class Members]" for all hours worked.  (*Id.* at ¶¶ 37, 85).  Plaintiff makes no allegations regarding the frequency or duration of the claimed time worked off-the-clock for himself or any Putative Class Member.

27.    Plaintiff seeks to recover damages during the four year statute of limitations for restitution of unpaid wages as an unfair business practice.  *See* Bus. & Prof. Code § 17200, *et seq.*; Amended Compl. at ¶¶ 118-124.

28.    CertifiedSafety denies that any Putative Class Member, including Plaintiff, worked off-the-clock.  Plaintiff does not allege on behalf of himself, or any other Putative Class Member, any minimum or maximum amount of time worked off-the-clock.  However, even if each Putative

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

10.

1   Class Member worked only thirty (30) minutes off-the-clock during each workweek, the total

2   amount in controversy would exceed $131,062 for the Removal Damages Period (actual workweeks

3   x thirty (30) minutes off-the-clock work x actual hourly rate).  (Hines Decl. at ¶ 6(d)).  For purposes

4   of this analysis, Defendant determined whether the rate for alleged work off-the-clock would have

5   been straight time, overtime or double time under standard California weekly overtime requirements,

6   and calculated exposure using the actual applicable hourly rate for each Putative Class Member for

7   each workday.  (*Id*.).

8           **2.**     **Second Cause of Action: Premiums For Alleged Missed Meal Periods**

9       29.    In his second cause of action, Plaintiff alleges that CertifiedSafety failed to provide

10   duty-free meal periods and/or to pay one additional hour of pay when a duty-free meal period was

11   not provided in violation of California law.  (Amended Compl. at ¶¶ 68-69, 73).  Plaintiff makes no

12   allegations regarding the frequency or duration of the claimed missed meal periods for himself or

13   any Putative Class Member.

14       30.    Plaintiff seeks to recover damages during the four year statute of limitations for

15   restitution of unpaid meal period premiums as an unfair business practice.  *See* Bus. & Prof. Code §

16   17200, *et seq*.; Amended Compl. at ¶¶ 118-124.

17       31.    CertifiedSafety denies that any employee, including Plaintiff, has any claim for

18   alleged missed meal periods.  However, conservatively assuming each Putative Class Member

19   missed one meal period for 50% of the shifts they worked, the potential amount in controversy on

20   Plaintiff's second cause of action exceeds $467,217 for the Removal Damages Period (50% of total

21   applicable shifts worked x one missed meal period x actual hourly rate).  (Hines Decl. at ¶ 6(e)).  For

22   purposes of this analysis, Defendant calculated the premiums for alleged missed meal periods at the

23   actual straight time hourly rate for each Putative Class Member.  (*Id*.).

24           **3.**     **Third Cause of Action: Premiums For Alleged Missed Rest Breaks**

25       32.    In his third cause of action, Plaintiff alleges that CertifiedSafety failed to provide rest

26   periods and/or to pay one additional hour of pay when a rest period was not provided in violation of

27   California law.  (Amended Compl. at ¶¶ 78-80, 82).  Plaintiff makes no allegations regarding the

28   frequency or duration of the claimed missed rest breaks for himself or any Putative Class Member.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

11.

33.    Plaintiff seeks to recover damages during the four year statute of limitations for restitution of unpaid rest break premiums as an unfair business practice.  *See* Bus. & Prof. Code § 17200, *et seq.*; Amended Compl. at ¶¶ 118-123.

34.    CertifiedSafety denies that any employee, including Plaintiff, has any claim for alleged missed rest breaks.  However, conservatively assuming each Putative Class Member missed one rest break for 50% of the shifts they worked, the potential amount in controversy on Plaintiff's third cause of action exceeds $477,117 for the Removal Damages Period (50% of total applicable shifts worked x one missed rest break x actual hourly rate).  (Hines Decl. at ¶ 6(f)).  For purposes of this analysis, Defendant calculated the premiums for alleged missed rest breaks at the actual straight time hourly rate for each Putative Class Member.  (*Id.*).

### 4.    Fourth Cause of Action: Penalties For Failure to Pay Minimum Wage

35.    In his fourth cause of action, Plaintiff alleges that CertifiedSafety failed to pay minimum wage in violation of California law.  (Amended Compl. at ¶¶ 85-86).  In addition to the unpaid balance of unpaid wages and liquidated damages, Plaintiff seeks to recover statutory penalties under California Labor Code section 1197.1.  (*Id.* at ¶¶ 87-88).

36.    California Labor Code section 1197.1 provides employees with penalties of one hundred dollars ($100) for the initial failure to pay minimum wages and two hundred and fifty dollars ($250) for each subsequent failure to pay minimum wages.

37.    The applicable statute of limitations for civil penalties under California Labor Code section 1197.1 is one year.  *See* California Code Civ. Proc. § 340(a); *Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist. LEXIS 86975, *29-31 (C.D. Cal. June 22, 2012).

38.    Of the total Putative Class Members, 455 had workweeks in the year prior to the filing of the Complaint, from April 24, 2016 through May 7, 2017.  (Hines Decl. at ¶ 6(i)).  CertifiedSafety denies that any employee, including Plaintiff, has any claim for penalties for failure to pay minimum wage.  However, if all of these employees were entitled to recover penalties for failure to pay minimum wages, the amount of penalties would exceed $839,500 (number of pay periods x applicable statutory penalty).  (*Id.*).  For purposes of this analysis, Defendant calculated the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                    12.

minimum wage penalty based on the actual number of pay periods for each applicable employee at the statutory penalty rate. (*Id.*).

### 5.    Fifth Cause of Action: Waiting Time Penalties

39.    In his fifth cause of action, Plaintiff seeks to recover under California Labor Code section 203, which provides for waiting time penalties for employees who were not paid all wages upon their separation and whose employment with CertifiedSafety was separated within four years preceding the filing of Plaintiff's Complaint. (Amended Compl. at ¶¶ 90-92). Plaintiff makes no allegations regarding the frequency or duration of the claimed waiting time violations for himself or any Putative Class Member, nor does he allege any facts in support of a stand-alone claim for violation of California Labor Code section 203.

40.    The applicable statute of limitations for penalties under California Labor Code section 203 is three years and the four year limitations period under the California Unfair Competition Law does not apply. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 117 Cal. Rptr. 3d 377, 241 P.3d 870 (2010); *see also* Bus. & Prof. Code § 17203. The maximum penalty authorized under California Labor Code section 203 is thirty (30) days of wages per employee.

41.    Defendant denies the validity and merit of Plaintiff's waiting time penalty claims. However, for purposes of removal only, and because the claim as alleged is purely derivative of the other claims, Defendant assesses the potential amount in controversy by applying the maximum penalty authorized by statute.

42.    Of the total Putative Class Members, 684 ceased employment with CertifiedSafety during the three year period prior to the filing of the Complaint, April 24, 2014, to May 7, 2017. (Hines Decl. at ¶ 6(g)). Although Plaintiff asserts that he and the Putative Class Members worked off-the-clock and therefore incurred unpaid overtime wages (Amended Compl. at ¶¶ 59-60), Defendant conservatively estimates eight hours of work per day for this calculation. (Hines Decl. at 6(g)). For purposes of this analysis, Defendant calculated the waiting time penalty at the actual straight time rate for each Putative Class Member at the time of termination. (*Id.*).

43.    If all of the Putative Class Members who ceased working for CertifiedSafety during the statutory period were entitled to recover statutory waiting time penalties, the amount in

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                    13.

1    controversy for this claim would exceed $2,757,034 (684 individuals x 30 days x actual hourly rate

2    at termination).   (Hines Decl. at ¶ 6(g)).

3        **6.    Seventh Cause of Action: Wage Statement Penalties**

4        44.    Plaintiff alleges that Defendant "intentionally and willfully failed to provide Plaintiff

5    and the other class members with complete and accurate wage statements.  The alleged deficiencies

6    include, but are not limited to: the failure to include the total number of hours worked by Plaintiff

7    and the other class members." (Amended Compl. at ¶ 103).  Plaintiff makes no allegations regarding

8    the frequency or duration of the claimed wage statement violations for himself or any Putative Class

9    Member.

10        45.    California Labor Code section 226(e) provides employees with penalties of fifty

11    dollars ($50) for the initial pay period in which a wage statement violation occurs and one hundred

12    dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of

13    four thousand dollars ($4,000) for each employee.

14        46.    The statutory period for Labor Code section 226(e) penalties is one year.  *See*

15    California Code Civ. Proc. § 340(a).

16        47.    Of the total Putative Class Members, approximately 455 employees had workweeks

17    in the year prior to the filing of the Complaint, from April 24, 2016 through May 7, 2017.  (Hines

18    Decl. at ¶ 6(h)).  For purposes of this analysis, Defendant calculated the wage statement penalty

19    based on the actual number of pay periods for each applicable Putative Class Member, at the

20    statutory penalty rate, with a cap of $4,000.  (*Id*.).

21        48.    If each applicable Putative Class Member was entitled to recover the wage statement

22    claim penalties, the amount in controversy for this claim would exceed $331,200 (number of pay

23    periods x applicable statutory penalty/capped at $4,000 per employee).  (Hines Decl. at ¶ 6(h)).

24        **7.    Eleventh Cause of Action: PAGA Penalties**

25        49.    In his eleventh cause of action, Plaintiff seeks, on behalf of himself and the putative

26    class, to recover civil penalties under the Labor Code Private Attorneys General Act of 2004

27    ("PAGA") for alleged violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7,

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                       14.

510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.  (Amended Compl. at ¶¶ 125-139).

50.    The PAGA allows "aggrieved employees," acting as private attorneys general, to recover civil penalties for violations of the Labor Code.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009).  The Labor Code defines "aggrieved employees" as persons "employed by the alleged violator against whom one or more of the alleged violations was committed."  Lab. Code § 2699(c).  For provisions of the Labor Code that specifically provide for the collection of civil penalties, the PAGA allows aggrieved employees to collect such penalties.  *See* Lab. Code § 2699(a).  For Labor Code provisions that do not provide specific civil penalties, the PAGA penalties are one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  Lab. Code §2699(f)(2).

51.    The statute of limitations for PAGA actions is one year.  *See* Cal. Code Civ. Proc.  § 340; Lab. Code § 2699.3(d).

52.    Defendant denies the validity and merit of Plaintiff's PAGA penalties claims for himself and any Putative Class Member or allegedly aggrieved employee.  However, for purposes of removal only, Defendant calculates Plaintiff's PAGA penalties.  Plaintiff had five pay periods in the year prior to the filing of the Complaint, from April 24, 2016 through May 7, 2017.  (Hines Decl. at ¶ 6(j)).  If Plaintiff was entitled to recover PAGA penalties for the alleged violations of the California Labor Code, the amount of penalties would amount to $900, based on a $100 penalty for the first alleged violation and a $200 penalty for the remaining four alleged violations.  (*Id.*).  For purposes of this analysis, Defendant calculated the civil penalty based on the actual number of Plaintiff's pay periods, at the statutory penalty rate, for each alleged statutory violation.  (*Id.*).

## 8.    Summary of Amount in Controversy

53.    Even without assessing the amount in controversy with respect to Plaintiff's remaining claims for alleged violations of California Labor Code sections 204, 1174(d), 2698 *et seq.* (for the remaining Putative Class Members/allegedly aggrieved employees), 2800 and 2802, California Business & Professions Code section 17200, and various other penalties, interest and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

15.

attorneys' fees, and considering only a very conservative estimate of alleged violations, the amount in controversy exceeds $5 million.  (*See* Hines Decl. at ¶ 6(k)).  The conservative amount in controversy breaks down as follows:

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| Unpaid Wages | $131,062 |
| Meal Break Premium | $467,217 |
| Rest Period Premium | $477,117 |
| Minimum Wage Penalties | $839,500 |
| Waiting Time Penalties | $2,757,034 |
| Wage Statements Penalties | $331,200 |
| Plaintiff's PAGA Penalties | $900 |
| **Conservative Sum Amount in Controversy** | **$5,004,030** |

54.     As noted above, the amount in controversy set forth above has been calculated based on CertifiedSafety's payroll and timekeeping records only through May 7, 2017.  (Hines Decl. at ¶¶ 4, 6.)  Plaintiff, however, defines the putative class as continuing "to final judgment."  (Amended Compl. at ¶ 13.)  As such, the size of the class will continue to expand, as will the amount in controversy.  This means that the amount in controversy on Plaintiff's claims is even greater than the amount set out in this Notice of Removal.

55.     Moreover, Plaintiff seeks attorneys' fees and costs in his Amended Complaint pursuant to Labor Code sections 1021.5 and 1194.  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fees award to be twenty-five (25%) to thirty-three (33%) percent of the settlement of the award.  *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

16.

1    App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972

2    (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the

3    lodestar method is used, fee awards in class actions average around one-third of the recovery.")

4    Based on the Defendant's conservative amount in controversy calculation attorneys' fees would

5    exceed $1,251,007.

6        56.    Accordingly, although Defendant denies Plaintiff's claims of wrongdoing, based on

7    the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties,

8    attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as

9    required by 28 U.S.C ¶ 1332(d).

10   **VII.    CONCLUSION**

11       57.    WHEREFORE, Defendant removes the action now pending against it in the Superior

12   Court of the State of California, County of Alameda, to this Honorable Court, and requests that this

13   Court retain jurisdiction for all further proceedings.

14

15   Dated: July 10, 2017

16

17                                              */s/ Sophia Behnia*
                                                Michelle Heverly
18                                              Sophia Behnia
                                                Perry K. Miska
19                                              LITTLER MENDELSON, P.C.
                                                James M. Cleary, Jr.
20                                              MARTIN, DISIERE, JEFFERSON &
                                                WISDOM, LLP
21
                                                Attorneys for Defendant
22                                              CertifiedSafety, Inc.

23   Firmwide:148359594.5 093427.1002

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                           17.

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/09/2017
CT Log Number 531375226

| | |
|---|---|
| **TO:** | Bob Matteson, Chief Financial Officer<br>CertifiedSafety, Inc.<br>1177 Butler Rd<br>League City, TX 77573-4871 |
| **RE:** | **Process Served in California** |
| **FOR:** | CertifiedSafety, Inc.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TIER.RB CRUMMIE, individually and on behalf of other members of the general public similarly situated, Pltf. vs. CertifiedSafety, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Attachment(s), Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG17857851 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Plaintiff and class member seeking damages due to defendant violation of California Labor Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2017 at 13:47 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Edwin Aiwazian<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203<br>(sis) 265-1020 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0108275968 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CERTIFIEDSAFETY INC., an unknown business entity; and DOES 1
through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIERRE CRUMMIE, individually, and on behalf of other members of
the general public similarly situated;



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 4 2017

SUE PESKO

By

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER: (Número del Caso): RG17059883

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of State of California

County of Alameda, Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

SUE PESKO

DATE: APR 2 4 2017    Chad Finke    Clerk, by _____ , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
   CERTIFIEDSAFETY INC., AN UNKNOWN BUSINESS ENTITY
3. [✓] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [✓] other *(specify):* 415.95
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

```
┌                            ┐     ┌                            ┐
  Lawyers for Justice, PC            Certifiedsafety, Inc.
  Attn: Alwazian, Edwin
  410 West Arden Avenue
  Suite 203
└ Glendale, CA   91203       ┘     └                            ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Crummie | No. RG17857851 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Certifiedsafety, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 06/20/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Case Management Conference:
DATE: 07/25/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/10/2017          Chad Finke  Executive Officer / Clerk of the Superior Court

                    By    _P. Ayamu_
                                                        Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/11/2017.

                    By    _P. Ayamu_
                                                        Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020   FAX NO.: (818) 265-1021<br>ATTORNEY FOR *(Name):* Plaintiff Tierre Crummie | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>APR 24 2017<br><br>SUE PESKO<br><br>By _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1225 Fallon Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland 94612**
BRANCH NAME: **Rene C. Davidson Courthouse**

CASE NAME:
**Crummie vs. CertifiedSafety Inc.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG17857851 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$26,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 10
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 24, 2017
Edwin Aiwazian
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Crummie vs. CertfiedSafety Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice  (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| | | | | Is the deft. in possession of the property?  [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

A-13

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 4 2017

SUE PESKO

By.

1  Edwin Aiwazian (SBN 232943)
   LAWYERS *for* JUSTICE, PC
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiff

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10  TIERRE CRUMMIE, individually, and on          Case No.:  **RG17857851**
    behalf of other members of the general public
11  similarly situated;                           CLASS ACTION COMPLAINT FOR
                                                   DAMAGES
12                  Plaintiff,
                                                   (1)  Violation of California Labor Code
13         vs.                                          §§ 510 and 1198 (Unpaid
                                                        Overtime);
14  CERTIFIEDSAFETY INC., an unknown            (2)  Violation of California Labor Code
    business entity; and DOES 1 through 100,         §§ 226.7 and 512(a) (Unpaid Meal
15  inclusive,                                        Period Premiums);
                                                   (3)  Violation of California Labor Code
16                  Defendants.                        § 226.7 (Unpaid Rest Period
                                                        Premiums);
17                                                 (4)  Violation of California Labor Code
                                                        §§ 1194, 1197, and 1197.1 (Unpaid
18                                                      Minimum Wages);
                                                   (5)  Violation of California Labor Code
19                                                      §§ 201 and 202 (Final Wages Not
                                                        Timely Paid);
20                                                 (6)  Violation of California Labor Code
                                                        § 204 (Wages Not Timely Paid
21                                                      During Employment);
                                                   (7)  Violation of California Labor Code
22                                                      § 226(a) (Non-Compliant Wage
                                                        Statements);
23                                                 (8)  Violation of California Labor Code
                                                        § 1174(d) (Failure To Keep
24                                                      Requisite Payroll Records);
                                                   (9)  Violation of California Labor Code
25                                                      §§ 2800 and 2802 (Unreimbursed
                                                        Business Expenses);
26                                                 (10) Violation of California Business &
                                                        Professions Code §§ 17200, et seq.
27
                                                   **DEMAND FOR JURY TRIAL**
28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    COME NOW, Plaintiff TIERRE CRUMMIE ("Plaintiff"), individually, and on behalf

2    of other members of the general public similarly situated, and allege as follows:

3                              **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5    section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial. The

7    "amount in controversy" for the named Plaintiff, including but not limited to claims for

8    compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of

9    attorneys' fees, is less than seventy-five thousand dollars ($75,000).

10    2.    This Court has jurisdiction over this action pursuant to the California

11    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

12    all other causes" except those given by statute to other courts. The statutes under which this

13    action is brought do not specify any other basis for jurisdiction.

14    3.    This Court has jurisdiction over Defendant because, upon information and

15    belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

16    otherwise intentionally avails itself of the California market so as to render the exercise of

17    jurisdiction over it by California courts consistent with traditional notions of fair play and

18    substantial justice.

19    4.    Venue is proper in this Court because, upon information and belief, Defendant

20    maintains offices, has agents, employs individuals, and/or transacts business in the State of

21    California, County of Alameda. The majority of acts and omissions alleged herein relating to

22    the other class members took place in the State of California, including the County of

23    Alameda.

24                                      **PARTIES**

25    5.    Plaintiff TIERRE CRUMMIE is an individual residing in the State of California.

26    6.    Defendant CERTIFIEDSAFETY INC., at all times herein mentioned, was and is,

27    upon information and belief, an employer whose employees are engaged throughout the State

28    of California, including the County of Alameda.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

1      7.    At all relevant times, Defendant CERTIFIEDSAFETY INC. was the "employer"

2   of Plaintiff within the meaning of all applicable California laws and statutes.

3      8.    At all times herein relevant, Defendants CERTIFIEDSAFETY INC., and DOES

4   1 through 100, and each of them, were the agents, partners, joint venturers, joint employers,

5   representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns,

6   each of the other, and at all times relevant hereto were acting within the course and scope of

7   their authority as such agents, partners, joint venturers, joint employers, representatives,

8   servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions

9   alleged herein were duly committed with the ratification, knowledge, permission,

10  encouragement, authorization and/or consent of each defendant designated as a DOE herein.

11     9.    The true names and capacities, whether corporate, associate, individual or

12  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue

13  said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that

14  information and belief alleges, that each of the defendants designated as a DOE is legally

15  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

16  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

17  Plaintiff will seek leave of court to amend this Complaint to show the true names and

18  capacities when the same have been ascertained.

19     10.   Defendant CERTIFIEDSAFETY INC. and DOES 1 through 100 will hereinafter

20  collectively be referred to as "Defendants."

21     11.   Plaintiff further alleges that Defendants, directly or indirectly controlled or

22  affected the working conditions, wages, working hours, and conditions of employment of

23  Plaintiff and the other class members so as to make each of said Defendants employers and

24  employers liable under the statutory provisions set forth herein.

25                          **CLASS ACTION ALLEGATIONS**

26     12.   Plaintiff bring this action on his own behalf and on behalf of all other members

27  of the general public similarly situated, and, thus, seek class certification under California

28  Code of Civil Procedure section 382.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

13.  The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.  Plaintiff reserves the right to establish subclasses as appropriate.

15.  The class is ascertainable and there is a well-defined community of interest in the litigation:

a.  Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.  Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.  Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

1        of all class members is impractical.

2        e.    Public Policy Considerations: Certification of this lawsuit as a class

3              action will advance public policy objectives.  Employers of this great

4              state violate employment and labor laws every day.  Current employees

5              are often afraid to assert their rights out of fear of direct or indirect

6              retaliation.  However, class actions provide the class members who are

7              not named in the complaint anonymity that allows for the vindication of

8              their rights.

9    16.    There are common questions of law and fact as to the class members that

10   predominate over questions affecting only individual members.  The following common

11   questions of law or fact, among others, exist as to the members of the class:

12       a.    Whether Defendants' failure to pay wages, without abatement or

13             reduction, in accordance with the California Labor Code, was willful;

14       b.    Whether Defendants' had a corporate policy and practice of failing to

15             pay their hourly-paid or non-exempt employees within the State of

16             California for all hours worked, missed (short, late, interrupted, and/or

17             missed altogether) meal periods and rest breaks in violation of California

18             law;

19       c.    Whether Defendants required Plaintiff and the other class members to

20             work over eight (8) hours per day and/or over forty (40) hours per week

21             and failed to pay the legally required overtime compensation to Plaintiff

22             and the other class members;

23       d.    Whether Defendants deprived Plaintiff and the other class members of

24             meal and/or rest periods or required Plaintiff and the other class

25             members to work during meal and/or rest periods without compensation;

26       e.    Whether Defendants failed to pay minimum wages to Plaintiff and the

27             other class members for all hours worked;

28       f.    Whether Defendants failed to pay all wages due to Plaintiff and the other

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

1    class members within the required time upon their discharge or

2    resignation;

3    g.   Whether Defendants failed to timely pay all wages due to Plaintiff and

4         the other class members during their employment;

5    h.   Whether Defendants complied with wage reporting as required by the

6         California Labor Code; including, *inter alia*, section 226;

7    i.   Whether Defendants kept complete and accurate payroll records as

8         required by the California Labor Code, including, *inter alia*, section

9         1174(d);

10   j.   Whether Defendants failed to reimburse Plaintiff and the other class

11        members for necessary business-related expenses and costs;

12   k.   Whether Defendants' conduct was willful or reckless;

13   l.   Whether Defendants engaged in unfair business practices in violation of

14        California Business & Professions Code section  17200, et seq.;

15   m.   The appropriate amount of damages, restitution, and/or monetary

16        penalties resulting from Defendants' violation of California law; and

17   n.   Whether Plaintiff and the other class members are entitled to

18        compensatory damages pursuant to the California Labor Code.

19                          **GENERAL ALLEGATIONS**

20        17.   At all relevant times set forth herein, Defendants employed Plaintiff and other

21   persons as hourly-paid or non-exempt employees within the State of California, including the

22   County of Alameda.

23        18.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

24   exempt employee, from approximately December 2015 to approximately February 2016 and

25   from approximately May 2016 to approximately June 2016, in the State of California.

26        19.   Defendants hired Plaintiff and the other class members and classified them as

27   hourly-paid or non-exempt employees, and failed to compensate them for all hours worked,

28   missed meal periods and/or rest breaks.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20.     Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

21.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This uniform policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  member's regular rate of pay when a meal period was missed, and they did not receive all

2  meal periods or payment of one additional hour of pay at Plaintiff's and the other class

3  member's regular rate of pay when a meal period was missed.

4       29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

5  knew or should have known that Plaintiff and the other class members were entitled to receive

6  all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

7  member's regular rate of pay when a rest period was missed, and they did not receive all rest

8  periods or payment of one additional hour of pay at Plaintiff's and the other class members'

9  regular rate of pay when a rest period was missed.

10       30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

11  knew or should have known that Plaintiff and the other class members were entitled to receive

12  at least minimum wages for compensation and that they were not receiving at least minimum

13  wages for all hours worked.

14       31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15  knew or should have known that Plaintiff and the other class members were entitled to receive

16  all wages owed to them upon discharge or resignation, including overtime and minimum

17  wages and meal and rest period premiums, and they did not, in fact, receive all such wages

18  owed to them at the time of their discharge or resignation.

19       32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20  knew or should have known that Plaintiff and the other class members were entitled to receive

21  all wages owed to them during their employment.  Plaintiff and the other class members did

22  not receive payment of all wages, including overtime and minimum wages and meal and rest

23  period premiums, within any time permissible under California Labor Code section 204.

24       33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

25  knew or should have known that Plaintiff and the other class members were entitled to receive

26  complete and accurate wage statements in accordance with California law, but, in fact, they

27  did not receive complete and accurate wage statements from Defendants.  The deficiencies

28  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

1    other class members.

2        34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

3    knew or should have known that Defendants had to keep complete and accurate payroll

4    records for Plaintiff and the other class members in accordance with California law, but, in

5    fact, did not keep complete and accurate payroll records.

6        35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7    knew or should have known that Plaintiff and the other class members were entitled to

8    reimbursement for necessary business-related expenses.

9        36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10   knew or should have known that they had a duty to compensate Plaintiff and the other class

11   members pursuant to California law, and that Defendants had the financial ability to pay such

12   compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

13   represented to Plaintiff and the other class members that they were properly denied wages, all

14   in order to increase Defendants' profits.

15       37.    At all material times set forth herein, Defendants failed to pay overtime wages

16   to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class

17   members were required to work more than eight (8) hours per day and/or forty (40) hours per

18   week without overtime compensation.

19       38.    At all material times set forth herein, Defendants failed to provide the requisite

20   uninterrupted meal and rest periods to Plaintiff and the other class members.

21       39.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

22   other class members at least minimum wages for all hours worked.

23       40.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

24   other class members all wages owed to them upon discharge or resignation.

25       41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

26   other class members all wages within any time permissible under California law, including,

27   *inter alia*, California Labor Code section 204.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

42.    At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.    At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44.    At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

45.    At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

47.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

49.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

50. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

51. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

53. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

54. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

55. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

58.  At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.  At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.  At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.  During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

62.  During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

63.  During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during

12

1   meal periods.

2       64.    During the relevant time period, Defendants failed to pay Plaintiff and the other

3   class members the full meal period premium due pursuant to California Labor Code section

4   226.7.

5       65.    Defendants' conduct violates applicable IWC Wage Order and California Labor

6   Code sections 226.7 and 512(a).

7       66.    Pursuant to applicable IWC Wage Order and California Labor Code section

8   226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

9   additional hour of pay at the employee's regular rate of compensation for each work day that

10  the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

14      67.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

15  through 66, and each and every part thereof with the same force and effect as though fully set

16  forth herein.

17      68.    At all times herein set forth, the applicable IWC Wage Order and California

18  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

19  employment by Defendants.

20      69.    At all relevant times, California Labor Code section 226.7 provides that no

21  employer shall require an employee to work during any rest period mandated by an applicable

22  order of the California IWC.

23      70.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

24  employer shall authorize and permit all employees to take rest periods, which insofar as

25  practicable shall be in the middle of each work period" and that the "rest period time shall be

26  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

27  hours or major fraction thereof" unless the total daily work time is less than three and one-half

28  (3 ½) hours.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

71. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

74. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

76. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

///

14

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

1    85.    Defendants' failure to pay Plaintiff and the other class members who are no

2    longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

3    hours of their leaving Defendants' employ, is in violation of California Labor Code sections

4    201 and 202.

5    86.    California Labor Code section 203 provides that if an employer willfully fails to

6    pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

7    shall continue as a penalty from the due date thereof at the same rate until paid or until an

8    action is commenced; but the wages shall not continue for more than thirty (30) days.

9    87.    Plaintiff and the other class members are entitled to recover from Defendants the

10   statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

11   pursuant to California Labor Code section 203.

12                          <u>**SIXTH CAUSE OF ACTION**</u>

13                  **(Violation of California Labor Code § 204)**

14          **(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

15   88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16   through 87, and each and every part thereof with the same force and effect as though fully set

17   forth herein.

18   89.    At all times herein set forth, California Labor Code section 204 provides that all

19   wages earned by any person in any employment between the 1st and 15th days, inclusive, of

20   any calendar month, other than those wages due upon termination of an employee, are due and

21   payable between the 16th and the 26th day of the month during which the labor was

22   performed.

23   90.    At all times herein set forth, California Labor Code section 204 provides that all

24   wages earned by any person in any employment between the 16th and the last day, inclusive,

25   of any calendar month, other than those wages due upon termination of an employee, are due

26   and payable between the 1st and the 10th day of the following month.

27   91.    At all times herein set forth, California Labor Code section 204 provides that all

28   wages earned for labor in excess of the normal work period shall be paid no later than the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    payday for the next regular payroll period.

2         92.    During the relevant time period, Defendants intentionally and willfully failed to

3    pay Plaintiff and the other class members all wages due to them, within any time period

4    permissible under California Labor Code section 204.

5         93.    Plaintiff and the other class members are entitled to recover all remedies

6    available for violations of California Labor Code section 204.

7                            **SEVENTH CAUSE OF ACTION**

8                    **(Violation of California Labor Code § 226(a))**

9                **(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

10        94.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

11   through 93, and each and every part thereof with the same force and effect as though fully set

12   forth herein.

13        95.    At all material times set forth herein, California Labor Code section 226(a)

14   provides that every employer shall furnish each of his or her employees an accurate itemized

15   statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

16   (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

17   on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

18   the employee may be aggregated and shown as one item, (5) net wages earned, (6) the

19   inclusive dates of the period for which the employee is paid, (7) the name of the employee and

20   his or her social security number, (8) the name and address of the legal entity that is the

21   employer, and (9) all applicable hourly rates in effect during the pay period and the

22   corresponding number of hours worked at each hourly rate by the employee.  The deductions

23   made from payments of wages shall be recorded in ink or other indelible form, properly dated,

24   showing the month, day, and year, and a copy of the statement or a record of the deductions

25   shall be kept on file by the employer for at least three years at the place of employment or at a

26   central location within the State of California.

27        96.    Defendants have intentionally and willfully failed to provide Plaintiff and the

28   other class members with complete and accurate wage statements.  The deficiencies include,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 but are not limited to: the failure to include the total number of hours worked by Plaintiff and

2 the other class members.

3       97.     As a result of Defendants' violation of California Labor Code section 226(a),

4 Plaintiff and the other class members have suffered injury and damage to their statutorily-

5 protected rights.

6       98.     More specifically, Plaintiff and the other class members have been injured by

7 Defendants' intentional and willful violation of California Labor Code section 226(a) because

8 they were denied both their legal right to receive, and their protected interest in receiving,

9 accurate and itemized wage statements pursuant to California Labor Code section 226(a).

10      99.     Plaintiff and the other class members are entitled to recover from Defendants the

11 greater of their actual damages caused by Defendants' failure to comply with California Labor

12 Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

13 employee.

14      100.   Plaintiff and the other class members are also entitled to injunctive relief to

15 ensure compliance with this section, pursuant to California Labor Code section 226(g).

16 **EIGHTH CAUSE OF ACTION**

17 **(Violation of California Labor Code § 1174(d))**

18 **(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

19      101.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

20 through 100, and each and every part thereof with the same force and effect as though fully set

21 forth herein.

22      102.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

23 central location in the state or at the plants or establishments at which employees are

24 employed, payroll records showing the hours worked daily by and the wages paid to, and the

25 number of piece-rate units earned by and any applicable piece rate paid to, employees

26 employed at the respective plants or establishments.  These records shall be kept in accordance

27 with rules established for this purpose by the commission, but in any case shall be kept on file

28 for not less than two years.

18

103.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

104.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

105.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

106.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

109.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

110.   Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

111.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 110, and each and every part thereof with the same force and effect as though fully set forth herein.

112.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

113.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

114.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

115.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

20

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

116.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1      7.    For pre-judgment interest on any unpaid overtime compensation commencing

2  from the date such amounts were due;

3      8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4  California Labor Code section 1194; and

5      9.    For such other and further relief as the Court may deem just and proper.

6             **As to the Second Cause of Action**

7      10.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

9  provide all meal periods (including second meal periods) to Plaintiff and the other class

10  members;

11      11.    That the Court make an award to Plaintiff and the other class members of one

12  (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

13  period was not provided;

14      12.    For all actual, consequential, and incidental losses and damages, according to

15  proof;

16      13.    For premium wages pursuant to California Labor Code section 226.7(b);

17      14.    For pre-judgment interest on any unpaid wages from the date such amounts

18  were due;

19      15.    For reasonable attorneys' fees and costs of suit incurred herein; and

20      16.    For such other and further relief as the Court may deem just and proper.

21             **As to the Third Cause of Action**

22      17.    That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

24  rest periods to Plaintiff and the other class members;

25      18.    That the Court make an award to Plaintiff and the other class members of one

26  (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

27  period was not provided;

28  ///

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(b);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the Court may deem just and proper.

<u>As to the Fourth Cause of Action</u>

23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

<u>As to the Fifth Cause of Action</u>

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1      32.     For statutory wage penalties pursuant to California Labor Code section 203 for

2   Plaintiff and the other class members who have left Defendants' employ;

3      33.     For pre-judgment interest on any unpaid compensation from the date such

4   amounts were due; and

5      34.     For such other and further relief as the Court may deem just and proper.

6                 **As to the Sixth Cause of Action**

7      35.     That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9   by California Labor Code section 204 to Plaintiff and the other class members;

10      36.     For all actual, consequential, and incidental losses and damages, according to

11   proof;

12      37.     For pre-judgment interest on any unpaid compensation from the date such

13   amounts were due; and

14      38.     For such other and further relief as the Court may deem just and proper.

15               **As to the Seventh Cause of Action**

16      39.     That the Court declare, adjudge and decree that Defendants violated the record

17   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18   as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

19   wage statements thereto;

20      40.     For actual, consequential and incidental losses and damages, according to proof;

21      41.     For statutory penalties pursuant to California Labor Code section 226(e);

22      42.     For injunctive relief to ensure compliance with this section, pursuant to

23   California Labor Code section 226(g); and

24      43.     For such other and further relief as the Court may deem just and proper.

25               **As to the Eighth Cause of Action**

26      44.     That the Court declare, adjudge and decree that Defendants violated California

27   Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

28   ///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  for Plaintiff and the other class members as required by California Labor Code section

2  1174(d);

3      45.    For actual, consequential and incidental losses and damages, according to proof;

4      46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

5      47.    For such other and further relief as the Court may deem just and proper.

6  <u>As to the Ninth Cause of Action</u>

7      48.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

9  class members for all necessary business-related expenses as required by California Labor

10  Code sections 2800 and 2802;

11      49.    For actual, consequential and incidental losses and damages, according to proof;

12      50.    For the imposition of civil penalties and/or statutory penalties;

13      51.    For reasonable attorneys' fees and costs of suit incurred herein; and

14      52.    For such other and further relief as the Court may deem just and proper.

15  <u>As to the Tenth Cause of Action</u>

16      53.    That the Court decree, adjudge and decree that Defendants violated

17  California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff

18  and the other class members all overtime compensation due to them, failing to provide all meal

19  and rest periods to Plaintiff and the other class members, failing to pay at least minimum

20  wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class

21  members' wages timely as required by California Labor Code section 201, 202 and 204 and by

22  violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23      54.    For restitution of unpaid wages to Plaintiff and all the other class members and

24  all pre-judgment interest from the day such amounts were due and payable;

25      55.    For the appointment of a receiver to receive, manage and distribute any and all

26  funds disgorged from Defendants and determined to have been wrongfully acquired by

27  Defendants as a result of violation of California Business and Professions Code sections

28  17200, et seq.;

1   56.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

2   California Code of Civil Procedure section 1021.5;

3   57.   For injunctive relief to ensure compliance with this section, pursuant to

4   California Business and Professions Code sections 17200, et seq.; and

5   58.   For such other and further relief as the Court may deem just and proper.

6   Dated: April 24, 2017                          LAWYERS *for* JUSTICE, PC

7

8                                         By: _____

9                                         Edwin Aiwazian
                                          *Attorneys for* Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT B

CT Corporation

**Service of Process Transmittal**
06/30/2017
CT Log Number 531499283

TO:    Bob Matteson, Chief Financial Officer
       CertifiedSafety, Inc.
       1177 Butler Rd
       League City, TX 77573-4871

RE:    **Process Served in California**

FOR:   CertifiedSafety, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TIERRE CRUMMIE, et al., Pltf./Petitioner vs. CertifiedSafety Inc., etc., Dft./Respondent<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Proof of Service, Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG17857851 |
| **NATURE OF ACTION:** | FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 06/30/2017 postmarked on 06/28/2017 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Edwin Alwazian<br>Lawyers for Justice, PC<br>410 West Arden Avenue - Suite 203<br>Glendale, CA 91203<br>818-286-1025 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0127913876 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Proof(s) of Service | By Regular Mail on 06/22/2017 postmarked on 06/20/2017 | Bob Matteson, Chief Financial Officer CertifiedSafety, Inc. | 531453821 |

Page 1 of  1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



L A W Y E R S   F O R

# JUSTICE

A PROFESSIONAL CORPORATION.

410 WEST ARDEN AVENUE, SUITE 203
GLENDALE, CALIFORNIA 91203





UNITED STATES POSTAGE
PITNEY BOWES
$002.03⁰
02 1P
0000685825    JUN 26 2017
MAILED FROM ZIP CODE 91203

CT Corporation
818 W. 7th Street, Suite 930
Los Angeles, CA 90017



## PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On June 26, 2017, I served the foregoing document(s) described as: **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

CT Corporation
818 W. 7th Street, Suite 930
Los Angeles, CA 90017

*Agent for Service of Process* for Defendant CertifiedSafety Inc.

**[X]    BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**[X]    STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 26, 2017, at Glendale, California.

Suzana Solis

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

1  Edwin Aiwazian (SBN 232943)
   LAWYERS *for* JUSTICE, PC
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiff

5

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                     **FOR THE COUNTY OF ALAMEDA**

8  TIERRE CRUMMIE, individually, and on      Case No.: RG17857851
   behalf of other members of the general public
9  similarly situated and on behalf of other    Honorable Brad Seligman
   aggrieved employees pursuant to the         Department 30
10 California Private Attorney General Act;

11              Plaintiff,                       **FIRST AMENDED CLASS ACTION
                                                COMPLAINT FOR DAMAGES &
12     vs.                                      ENFORCEMENT UNDER THE PRIVATE
                                                ATTORNEYS GENERAL ACT,
13 CERTIFIEDSAFETY INC., an unknown            CALIFORNIA LABOR CODE § 2698, ET
   business entity; and DOES 1 through 100,    SEQ.**
14 inclusive,
                                               (1) Violation of California Labor Code
15              Defendants.                         §§ 510 and 1198 (Unpaid
                                                   Overtime);
16                                              (2) Violation of California Labor Code
                                                   §§ 226.7 and 512(a) (Unpaid Meal
17                                                 Period Premiums);
                                               (3) Violation of California Labor Code
18                                                 § 226.7 (Unpaid Rest Period
                                                   Premiums);
19                                              (4) Violation of California Labor Code
                                                   §§ 1194, 1197, and 1197.1 (Unpaid
20                                                 Minimum Wages);
                                               (5) Violation of California Labor Code
21                                                 §§ 201 and 202 (Final Wages Not
                                                   Timely Paid);
22                                              (6) Violation of California Labor Code
                                                   § 204 (Wages Not Timely Paid
23                                                 During Employment);
                                               (7) Violation of California Labor Code
24                                                 § 226(a) (Non-Compliant Wage
                                                   Statements);
25                                              (8) Violation of California Labor Code
                                                   § 1174(d) (Failure To Keep
26                                                 Requisite Payroll Records);
                                               (9) Violation of California Labor Code
27                                                 §§ 2800 and 2802 (Unreimbursed
                                                   Business Expenses);
28                                              (10) Violation of California Business &
                                                   Professions Code §§ 17200, et seq.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(11) Violation of California Labor Code
§ 2698, et seq. (California Labor
Code Private Attorneys General
Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff TIERRE CRUMMIE ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and allege as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Alameda. The majority of acts and omissions alleged herein relating to the other class members took place in the State of California, including the County of Alameda.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1

<u>PARTIES</u>

2       5.      Plaintiff TIERRE CRUMMIE is an individual residing in the State of California.

3       6.      Defendant CERTIFIEDSAFETY INC., at all times herein mentioned, was and is,

4   upon information and belief, an employer whose employees are engaged throughout the State

5   of California, including the County of Alameda.

6       7.      At all relevant times, Defendant CERTIFIEDSAFETY INC. was the "employer"

7   of Plaintiff within the meaning of all applicable California laws and statutes.

8       8.      At all times herein relevant, Defendants CERTIFIEDSAFETY INC., and DOES

9   1 through 100, and each of them, were the agents, partners, joint venturers, joint employers,

10  representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns,

11  each of the other, and at all times relevant hereto were acting within the course and scope of

12  their authority as such agents, partners, joint venturers, joint employers, representatives,

13  servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions

14  alleged herein were duly committed with the ratification, knowledge, permission,

15  encouragement, authorization and/or consent of each defendant designated as a DOE herein.

16      9.      The true names and capacities, whether corporate, associate, individual or

17  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue

18  said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that

19  information and belief alleges, that each of the defendants designated as a DOE is legally

20  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

21  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

22  Plaintiff will seek leave of court to amend this Complaint to show the true names and

23  capacities when the same have been ascertained.

24      10.     Defendant CERTIFIEDSAFETY INC. and DOES 1 through 100 will hereinafter

25  collectively be referred to as "Defendants."

26      11.     Plaintiff further alleges that Defendants, directly or indirectly controlled or

27  affected the working conditions, wages, working hours, and conditions of employment of

28  Plaintiff and the other class members so as to make each of said Defendants employers and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

1    employers liable under the statutory provisions set forth herein.

2                        **CLASS ACTION ALLEGATIONS**

3        12.    Plaintiff brings this action on his own behalf and on behalf of all other members

4    of the general public similarly situated, and, thus, seeks class certification under California

5    Code of Civil Procedure section 382.

6        13.    The proposed class is defined as follows:

7            All current and former hourly-paid or non-exempt employees who worked for

8            any of the Defendants within the State of California at any time during the

9            period from April 24, 2013 to final judgment.

10       14.    Plaintiff reserves the right to establish subclasses as appropriate.

11       15.    The class is ascertainable and there is a well-defined community of interest in

12   the litigation:

13       a.    <u>Numerosity</u>: The class members are so numerous that joinder of all class

14           members is impracticable.  The membership of the entire class is

15           unknown to Plaintiff at this time; however, the class is estimated to be

16           greater than fifty (50) individuals and the identity of such membership is

17           readily ascertainable by inspection of Defendants' employment records

18       b.    <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as

19           demonstrated herein.  Plaintiff will fairly and adequately protect the

20           interests of the other class members with whom he has a well-defined

21           community of interest.

22       c.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of

23           each class member, with whom he has a well-defined community of

24           interest and typicality of claims, as demonstrated herein.  Plaintiff has no

25           interest that is antagonistic to the other class members.  Plaintiff's

26           attorneys, the proposed class counsel, are versed in the rules governing

27           class action discovery, certification, and settlement.  Plaintiff has

28           incurred, and during the pendency of this action will continue to incur,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

1      costs and attorneys' fees, that have been, are, and will be necessarily

2      expended for the prosecution of this action for the substantial benefit of

3      each class member.

4      d.    <u>Superiority</u>: A class action is superior to other available methods for the

5      fair and efficient adjudication of this litigation because individual joinder

6      of all class members is impractical.

7      e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

8      action will advance public policy objectives.  Employers of this great

9      state violate employment and labor laws every day.  Current employees

10      are often afraid to assert their rights out of fear of direct or indirect

11      retaliation.  However, class actions provide the class members who are

12      not named in the complaint anonymity that allows for the vindication of

13      their rights.

14   16.     There are common questions of law and fact as to the class members that

15 predominate over questions affecting only individual members. The following common

16 questions of law or fact, among others, exist as to the members of the class:

17      a.    Whether Defendants' failure to pay wages, without abatement or

18      reduction, in accordance with the California Labor Code, was willful;

19      b.    Whether Defendants' had a corporate policy and practice of failing to

20      pay their hourly-paid or non-exempt employees within the State of

21      California for all hours worked, missed (short, late, interrupted, and/or

22      missed altogether) meal periods and rest breaks in violation of California

23      law;

24      c.    Whether Defendants required Plaintiff and the other class members to

25      work over eight (8) hours per day and/or over forty (40) hours per week

26      and failed to pay the legally required overtime compensation to Plaintiff

27      and the other class members;

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

d.   Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.   Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.   Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.   Whether Defendants' conduct was willful or reckless;

l.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

17.   At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

19.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

20.    Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

21.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

1    of the Employee's Notice, the aggrieved employee may commence

2    a civil action pursuant to California Labor Code section 2699 to

3    recover civil penalties in addition to any other penalties to which

4    the employee may be entitled.

5    22.    On April 21, 2017, Plaintiff provided written notice by certified mail to the

6    LWDA and to Defendant CERTIFIEDSAFETY INC. of the specific provisions of the

7    California Labor Code alleged to have been violated, including the facts and theories to

8    support the alleged violations.

9    23.    Therefore, the administrative prerequisites under California Labor Code section

10   2699.3(a) to recover civil penalties, including unpaid wages and premium wages per

11   California Labor Code section 558 against Defendants, in addition to other remedies, for

12   violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

13   1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

14                        **GENERAL ALLEGATIONS**

15   24.    At all relevant times set forth herein, Defendants employed Plaintiff and other

16   persons as hourly-paid or non-exempt employees within the State of California, including the

17   County of Alameda.

18   25.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

19   exempt employee, from approximately December 2015 to approximately February 2016 and

20   from approximately May 2016 to approximately June 2016, in the State of California.

21   26.    Defendants hired Plaintiff and the other class members and classified them as

22   hourly-paid or non-exempt employees, and failed to compensate them for all hours worked,

23   missed meal periods and/or rest breaks.

24   27.    Defendants had the authority to hire and terminate Plaintiff and the other class

25   members; to set work rules and conditions governing Plaintiff's and the other class members'

26   employment; and to supervise their daily employment activities.

27   ///

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

28.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

29.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

30.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

31.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This uniform policy/practice involved, *inter alia,* failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

9

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  records for Plaintiff and the other class members in accordance with California law, but, in

2  fact, did not keep complete and accurate payroll records.

3       42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4  knew or should have known that Plaintiff and the other class members were entitled to

5  reimbursement for necessary business-related expenses.

6       43.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7  knew or should have known that they had a duty to compensate Plaintiff and the other class

8  members pursuant to California law, and that Defendants had the financial ability to pay such

9  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

10  represented to Plaintiff and the other class members that they were properly denied wages, all

11  in order to increase Defendants' profits.

12       44.    At all material times set forth herein, Defendants failed to pay overtime wages

13  to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class

14  members were required to work more than eight (8) hours per day and/or forty (40) hours per

15  week without overtime compensation.

16       45.    At all material times set forth herein, Defendants failed to provide the requisite

17  uninterrupted meal and rest periods to Plaintiff and the other class members.

18       46.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

19  other class members at least minimum wages for all hours worked.

20       47.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

21  other class members all wages owed to them upon discharge or resignation.

22       48.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

23  other class members all wages within any time permissible under California law, including,

24  *inter alia,* California Labor Code section 204.

25       49.    At all material times set forth herein, Defendants failed to provide complete or

26  accurate wage statements to Plaintiff and the other class members.

27       50.    At all material times set forth herein, Defendants failed to keep complete or

28  accurate payroll records for Plaintiff and the other class members.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

51.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

52.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

53.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

54.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 53, and each and every part thereof with the same force and effect as though fully set forth herein.

55.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

56.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

57.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

58.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

59.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

60.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

61.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

62.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

63.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 62, and each and every part thereof with the same force and effect as though fully set forth herein.

64.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

65.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

66.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

67.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

68.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

69.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

70.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

///

///

71.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

72.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

73.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

74.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

75.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

76.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

77.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

78.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

79.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

80.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

81.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

82.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

83.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

85.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

1    86.    Defendants' failure to pay Plaintiff and the other class members the minimum

2  wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to

3  those sections Plaintiff and the other class members are entitled to recover the unpaid balance

4  of their minimum wage compensation as well as interest, costs, and attorney's fees, and

5  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

6    87.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class

7  members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

8  employee minimum wages, and $250.00 for each subsequent failure to pay each employee

9  minimum wages.

10    88.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

11  members are entitled to recover liquidated damages in an amount equal to the wages

12  unlawfully unpaid and interest thereon.

13                    <u>**FIFTH CAUSE OF ACTION**</u>

14            **(Violation of California Labor Code §§ 201 and 202)**

15        **(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

16    89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17  through 88, and each and every part thereof with the same force and effect as though fully set

18  forth herein.

19    90.    At all relevant times herein set forth, California Labor Code sections 201 and

20  202 provide that  if an employer discharges an employee, the wages earned and unpaid at the

21  time of discharge are due and payable immediately, and if an employee quits his or her

22  employment, his or her wages shall become due and payable not later than seventy-two (72)

23  hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her

24  intention to quit, in which case the employee is entitled to his or her wages at the time of

25  quitting.

26    91.    During the relevant time period, Defendants intentionally and willfully failed to

27  pay Plaintiff and the other class members who are no longer employed by Defendants their

28  wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1    92.    Defendants' failure to pay Plaintiff and the other class members who are no

2    longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

3    hours of their leaving Defendants' employ, is in violation of California Labor Code sections

4    201 and 202.

5    93.    California Labor Code section 203 provides that if an employer willfully fails to

6    pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

7    shall continue as a penalty from the due date thereof at the same rate until paid or until an

8    action is commenced; but the wages shall not continue for more than thirty (30) days.

9    94.    Plaintiff and the other class members are entitled to recover from Defendants the

10    statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

11    pursuant to California Labor Code section 203.

12    ## SIXTH CAUSE OF ACTION

13    ### (Violation of California Labor Code § 204)

14    ### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

15    95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16    through 94, and each and every part thereof with the same force and effect as though fully set

17    forth herein.

18    96.    At all times herein set forth, California Labor Code section 204 provides that all

19    wages earned by any person in any employment between the 1st and 15th days, inclusive, of

20    any calendar month, other than those wages due upon termination of an employee, are due and

21    payable between the 16th and the 26th day of the month during which the labor was

22    performed.

23    97.    At all times herein set forth, California Labor Code section 204 provides that all

24    wages earned by any person in any employment between the 16th and the last day, inclusive,

25    of any calendar month, other than those wages due upon termination of an employee, are due

26    and payable between the 1st and the 10th day of the following month.

27    ///

28    ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

98.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

99.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

100.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   103.   Defendants have intentionally and willfully failed to provide Plaintiff and the

2   other class members with complete and accurate wage statements.  The deficiencies include,

3   but are not limited to: the failure to include the total number of hours worked by Plaintiff and

4   the other class members.

5   104.   As a result of Defendants' violation of California Labor Code section 226(a),

6   Plaintiff and the other class members have suffered injury and damage to their statutorily-

7   protected rights.

8   105.   More specifically, Plaintiff and the other class members have been injured by

9   Defendants' intentional and willful violation of California Labor Code section 226(a) because

10   they were denied both their legal right to receive, and their protected interest in receiving,

11   accurate and itemized wage statements pursuant to California Labor Code section 226(a).

12   106.   Plaintiff and the other class members are entitled to recover from Defendants the

13   greater of their actual damages caused by Defendants' failure to comply with California Labor

14   Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

15   employee.

16   107.   Plaintiff and the other class members are also entitled to injunctive relief to

17   ensure compliance with this section, pursuant to California Labor Code section 226(g).

18   ## EIGHTH CAUSE OF ACTION

19   ### (Violation of California Labor Code § 1174(d))

20   ### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

21   108.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

22   through 107, and each and every part thereof with the same force and effect as though fully set

23   forth herein.

24   109.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

25   central location in the state or at the plants or establishments at which employees are

26   employed, payroll records showing the hours worked daily by and the wages paid to, and the

27   number of piece-rate units earned by and any applicable piece rate paid to, employees

28   employed at the respective plants or establishments.  These records shall be kept in accordance

1    with rules established for this purpose by the commission, but in any case shall be kept on file

2    for not less than two years.

3        110.    Defendants have intentionally and willfully failed to keep accurate and complete

4    payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

5    class members.

6        111.    As a result of Defendants' violation of California Labor Code section 1174(d),

7    Plaintiff and the other class members have suffered injury and damage to their statutorily-

8    protected rights.

9        112.    More specifically, Plaintiff and the other class members have been injured by

10    Defendants' intentional and willful violation of California Labor Code section 1174(d)

11    because they were denied both their legal right and protected interest, in having available,

12    accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

16        113.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17    through 112, and each and every part thereof with the same force and effect as though fully set

18.    forth herein.

19        114.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

20    reimburse its employee for all necessary expenditures incurred by the employee in direct

21    consequence of the discharge of his or her job duties or in direct consequence of his or her job

22    duties or in direct consequence of his or her obedience to the directions of the employer.

23        115.    Plaintiff and the other class members incurred necessary business-related

24    expenses and costs that were not fully reimbursed by Defendants.

25        116.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

26    other class members for all necessary business-related expenses and costs.

27        117.    Plaintiff and the other class members are entitled to recover from Defendants

28    their business-related expenses and costs incurred during the course and scope of their

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

1      employment, plus interest accrued from the date on which the employee incurred the necessary

2      expenditures at the same rate as judgments in civil actions in the State of California.

3      **TENTH CAUSE OF ACTION**

4      **(Violation of California Business & Professions Code §§ 17200, et seq.)**

5      **(Against CERTIFIEDSAFETY INC. and DOES 1 through 100)**

6      118.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

7      through 117, and each and every part thereof with the same force and effect as though fully set

8      forth herein.

9      119.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

10     unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

11     competitors. Accordingly, Plaintiff seek to enforce important rights affecting the public

12     interest within the meaning of Code of Civil Procedure section 1021.5.

13     120.     Defendants' activities as alleged herein are violations of California law, and

14     constitute unlawful business acts and practices in violation of California Business &

15     Professions Code section 17200, et seq.

16     121.     A violation of California Business & Professions Code section 17200, et seq.

17     may be predicated on the violation of any state or federal law. In this instant case,

18     Defendants' policies and practices of requiring employees, including Plaintiff and the other

19     class members, to work overtime without paying them proper compensation violate California

20     Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of

21     requiring employees, including Plaintiff and the other class members, to work through their

22     meal and rest periods without paying them proper compensation violate California Labor Code

23     sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum

24     wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants'

25     policies and practices of failing to timely pay wages to Plaintiff and the other class members

26     violate California Labor Code sections 201, 202 and 204. Defendants also violated California

27     Labor Code sections 226(a), 1174(d), 2800 and 2802.

28     ///

**LAWYERS *for* JUSTICE, PC**
420 West Arden Avenue, Suite 203
Glendale, California 91203

1    122.    As a result of the herein described violations of California law, Defendants

2    unlawfully gained an unfair advantage over other businesses.

3

4    123.    Plaintiff and the other class members have been personally injured by

5    Defendants' unlawful business acts and practices as alleged herein, including but not

6    necessarily limited to the loss of money and/or property.

7    124.    Pursuant to California Business & Professions Code sections 17200, et seq.,

8    Plaintiff and the other class members are entitled to restitution of the wages withheld and

9    retained by Defendants during a period that commences April 24, 2013 an award of attorneys'

10    fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws;

11    and an award of costs.

### ELEVENTH CAUSE OF ACTION

#### (Violation of California Labor Code §§ 2698, et seq.)

#### (Against CERTIFIEDSAFETY INC. and DOES 1 through 100)

15    125.    Plaintiff incorporates by reference the allegations contained in paragraphs

16    1 through 124, and each and every part thereof with the same force and effect as though

17    fully set forth herein.

18    126.    PAGA expressly establishes that any provision of the California Labor

19    Code which provides for a civil penalty to be assessed and collected by the LWDA, or

20    any of its departments, divisions, commissions, boards, agencies or employees for a

21    violation of the California Labor Code, may be recovered through a civil action brought

22    by an aggrieved employee on behalf of himself or herself, and other current or former

23    employees.

24    127.    Whenever the LWDA, or any of its departments, divisions, commissions,

25    boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil

26    action is authorized to exercise the same discretion, subject to the same limitations and

27    conditions, to assess a civil penalty.

28    ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

128.    Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

129.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

130.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

131.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

132.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

133.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

///

**Failure to Timely Pay Wages During Employment**

134.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

135.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

136.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

137.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

138.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

        a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay

25

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 period for the initial violation, and two hundred dollars ($200) for
2 each aggrieved employee per pay period for each subsequent
3 violation;

4 b. Penalties under California Code of Regulations Title 8 section
5 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved
6 employee per pay period for the initial violation, and one hundred
7 dollars ($100) for each aggrieved employee per pay period for each
8 subsequent violation;

9 c. Penalties under California Labor Code section 210 in addition to,
10 and entirely independent and apart from, any other penalty provided
11 in the California Labor Code in the amount of a hundred dollars
12 ($100) for each aggrieved employee per pay period for the initial
13 violation, and two hundred dollars ($200) for each aggrieved
14 employee per pay period for each subsequent violation; and

15 d. Any and all additional penalties and sums as provided by the
16 California Labor Code and/or other statutes.

17 139. Pursuant to California Labor Code section 2699(i), civil penalties
18 recovered by aggrieved employees shall be distributed as follows: seventy-five percent
19 (75%) to the Labor and Workforce Development Agency for the enforcement of labor
20 laws and education of employers and employees about their rights and responsibilities
21 and twenty-five percent (25%) to the aggrieved employees.

22 140. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees
23 and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any
24 other applicable statute.

25 **DEMAND FOR JURY TRIAL**

26 Plaintiff, individually, and on behalf of other members of the general public similarly
27 situated and on behalf of other aggrieved employees pursuant to the California Private
28 Attorney General Act, requests a trial by jury.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That counsel for Plaintiff be appointed as Class Counsel; and

4.     That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.     For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.     For reasonable attorneys' fees and costs of suit incurred herein; and

16.     For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(b);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

1   ///

2     24.    For general unpaid wages and such general and special damages as may be

3   appropriate;

4     25.    For statutory wage penalties pursuant to California Labor Code section 1197.1

5   for Plaintiff and the other class members in the amount as may be established according to

6   proof at trial;

7     26.    For pre-judgment interest on any unpaid compensation from the date such

8   amounts were due;

9     27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

10   California Labor Code section 1194(a);

11     28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

12     29.    For such other and further relief as the Court may deem just and proper.

13                **As to the Fifth Cause of Action**

14     30.    That the Court declare, adjudge and decree that Defendants violated California

15   Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at

16   the time of termination of the employment of Plaintiff and the other class members no longer

17   employed by Defendants;

18     31.    For all actual, consequential, and incidental losses and damages, according to

19   proof;

20     32.    For statutory wage penalties pursuant to California Labor Code section 203 for

21   Plaintiff and the other class members who have left Defendants' employ;

22     33.    For pre-judgment interest on any unpaid compensation from the date such

23   amounts were due; and

24     34.    For such other and further relief as the Court may deem just and proper.

25                **As to the Sixth Cause of Action**

26     35.    That the Court declare, adjudge and decree that Defendants violated California

27   Labor Code section 204 by willfully failing to pay all compensation owed at the time required

28   by California Labor Code section 204 to Plaintiff and the other class members;

1  ///

2     36.    For all actual, consequential, and incidental losses and damages, according to

3  proof;

4     37.    For pre-judgment interest on any unpaid compensation from the date such

5  amounts were due; and

6     38.    For such other and further relief as the Court may deem just and proper.

7                    **As to the Seventh Cause of Action**

8     39.    That the Court declare, adjudge and decree that Defendants violated the record

9  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

10  as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

11  wage statements thereto;

12     40.    For actual, consequential and incidental losses and damages, according to proof;

13     41.    For statutory penalties pursuant to California Labor Code section 226(e);

14     42.    For injunctive relief to ensure compliance with this section, pursuant to

15  California Labor Code section 226(g); and

16     43.    For such other and further relief as the Court may deem just and proper.

17                    **As to the Eighth Cause of Action**

18     44.    That the Court declare, adjudge and decree that Defendants violated California

19  Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

20  ///

21  for Plaintiff and the other class members as required by California Labor Code section

22  1174(d);

23     45.    For actual, consequential and incidental losses and damages, according to proof;

24     46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

25     47.    For such other and further relief as the Court may deem just and proper.

26                    **As to the Ninth Cause of Action**

27     48.    That the Court declare, adjudge and decree that Defendants violated California

28  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  class members for all necessary business-related expenses as required by California Labor

2  Code sections 2800 and 2802;

3      49.   For actual, consequential and incidental losses and damages, according to proof;

4      50.   For the imposition of civil penalties and/or statutory penalties;

5      51.   For reasonable attorneys' fees and costs of suit incurred herein; and

6      52.   For such other and further relief as the Court may deem just and proper.

7  ### As to the Tenth Cause of Action

8      53.   That the Court decree, adjudge and decree that Defendants violated

9  California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff

10  and the other class members all overtime compensation due to them, failing to provide all meal

11  and rest periods to Plaintiff and the other class members, failing to pay at least minimum

12  wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class

13  members' wages timely as required by California Labor Code section 201, 202 and 204 and by

14  violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

15      54.   For restitution of unpaid wages to Plaintiff and all the other class members and

16  all pre-judgment interest from the day such amounts were due and payable;

17      55.   For the appointment of a receiver to receive, manage and distribute any and all

18  funds disgorged from Defendants and determined to have been wrongfully acquired by

19  Defendants as a result of violation of California Business and Professions Code sections

20  17200, et seq.;

21      56.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

22  California Code of Civil Procedure section 1021.5;

23      57.   For injunctive relief to ensure compliance with this section, pursuant to

24  California Business and Professions Code sections 17200, et seq.; and

25      58.   For such other and further relief as the Court may deem just and proper.

26  ### As to the Eleventh Cause of Action

27      59.   For civil penalties and wages pursuant to California Labor Code sections

28  2699(a), (f) and (g), including an amount sufficient to recover underpaid wages pursuant

1 | to Labor Code section 558, plus costs and attorneys' fees for violation of California Labor
2 | Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1,
3 | 1198, 2800 and 2802; and

4 |      60.    For such other and further relief as the Court may deem equitable and
5 | appropriate.

6 | Dated: June 26, 2017                    **LAWYERS** *for* **JUSTICE, PC**

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT C

1  MICHELLE B. HEVERLY, Bar No. 178660
   mheverly@littler.com
2  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
3  PERRY K. MISKA, JR, Bar No. 299129
   pmiska@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, CA  94104
   Telephone:   415.433.1940
6  Fax No.:      415.399.8490

7  JAMES M. CLEARY, Texas Bar No. 00783838
   cleary@mdjwlaw.com
8  MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
   808 Travis, 20th Floor
9  Houston, TX 77002
   Telephone:   713.632.1775
10 Fax No.:      713.222.0101
   *Appearance Pro Hac Vice*

11
   Attorneys for Defendant
12 CERTIFIEDSAFETY INC.

13

14                      SUPERIOR COURT OF CALIFORNIA

15                             COUNTY OF ALAMEDA

16

17 TIERRE CRUMMIE, individually, and on        Case No.  RG17857851
   behalf of other members of the general
18 public similarly situated,                   ASSIGNED FOR ALL PURPOSES TO JUDGE
                                                 BRAD SELIGMAN
19              Plaintiff,
                                                 **DEFENDANT'S ANSWER TO**
20        v.                                     **PLAINTIFF'S CLASS ACTION**
                                                 **COMPLAINT FOR DAMAGES**
21 CERTIFIEDSAFETY INC., an unknown
   business entity, and DOES 1 through 100,
22 inclusive,

23              Defendant.

24                                               Complaint Filed:  April 24, 2017

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

ENDORSED
FILED
ALAMEDA COUNTY

JUL 07 2017

CLERK OF THE SUPERIOR COURT
By _____
     JAMIE THOMAS, Deputy

COPY

1   Defendant CERTIFIEDSAFETY INC. ("CertifiedSafety" or "Defendant") hereby

2   answers the unverified Complaint filed by PLAINTIFF TIERRE CRUMMIE ("Plaintiff") in the

3   above-captioned matter as follows:

4   ## GENERAL DENIAL

5   Pursuant to the California Code of Civil Procedure § 431.30(d), Defendant generally

6   denies each and every allegation contained in Plaintiff's Complaint.  Defendant further denies that

7   Plaintiff has been damaged, has sustained or will sustain any loss or damage in any manner or

8   amount whatsoever, as a result of any act or omission on the part of Defendant.

9   ## AFFIRMATIVE DEFENSES

10  Defendant asserts the following affirmative and other defenses, which it has

11  designated, collectively, as "Affirmative Defenses."  Defendant has not yet completed a thorough

12  investigation or completed discovery of all facts and circumstances of the subject matter of the

13  Complaint, and accordingly, reserve the right to amend, modify, revise, or supplement its Answer,

14  and to plead such further defenses and take such further actions as it may deem proper and necessary

15  in their defense upon completion of said investigation and study.  Without waiving or excusing

16  Plaintiff's burden of proof or admitting that Defendant has any burden of proof whatsoever,

17  Defendant asserts the following separate and distinct defenses and affirmative defenses:

18  ## FIRST AFFIRMATIVE DEFENSE

19  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

20  that the Complaint, and each cause of action contained therein, fails to state facts sufficient to

21  constitute a cause of action upon which relief may be granted.

22  ## SECOND AFFIRMATIVE DEFENSE

23  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

24  that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by the

25  applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure

26  sections 337, 338(a) and 340 and California Business and Professions Code section 17208.

27  ## THIRD AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by the doctrines of unclean hands, unjust enrichment, waiver, release, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff and/or any putative class members have released and/or waived any of the claims alleged in the Complaint, and/or acknowledged an accord and satisfaction of any of the claims alleged in the Complaint, their claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, on the grounds of res judicata and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by their consent to and/or voluntary participation in all or some of the acts alleges or conduct similar thereto.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by their own breaches of the duties owed to Defendant under California Labor Code section 2850 *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any putative class members failed to properly exhaust all of their internal, contractual, administrative and/or statutorily required remedies prior to filing suit, and that such failure bars this suit in whole or in part and/or limits their claims.

## NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including without limitation numerosity, ascertainability, predominance, superiority, typicality,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1  adequacy of both the proposed class representatives and proposed class counsel, and Defendant

2  further alleges that public policy considerations do not favor such a certification.

3  **TENTH AFFIRMATIVE DEFENSE**

4  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

5  that certification of a class, as applied to the facts and circumstances of this case, would constitute a

6  denial of Defendant' procedural and substantive rights to trial by jury, and/or to substantive and/or

7  procedural due process, in violation of the Fourteenth Amendment of the United States Constitution

8  and the Due Process and/or Equal Protection Clauses of the California Constitution.

9  **ELEVENTH AFFIRMATIVE DEFENSE**

10  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

11  that any violation of the California Labor Code or an Order of the California Industrial Welfare

12  Commission was an act or omission made in good faith, that Defendant had reasonable grounds for

13  believing that their policies and practices complied with applicable laws and regulations, and that

14  any violation thereof by Defendant was neither willful nor intentional.

15  **TWELFTH AFFIRMATIVE DEFENSE**

16  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

17  that Plaintiff's and/or any putative class members' claims fail because Plaintiff and any putative

18  class members have been fully paid all amounts legally owed to them by Defendant, and by

19  accepting the payments made to them, Plaintiff and/or any putative class members have effectuated

20  an accord and satisfaction of their claims.

21  **THIRTEENTH AFFIRMATIVE DEFENSE**

22  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

23  there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff

24  or to any putative class member, and if so, the amount thereof.

25  **FOURTEENTH AFFIRMATIVE DEFENSE**

26  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

27  that it neither knew nor should have known of any unpaid "off-the-clock" time worked by Plaintiff

28  and any putative class members.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1
## FIFTEENTH AFFIRMATIVE DEFENSE

2         AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3 that they reasonably and in good faith provided meal and rest periods pursuant to the California

4 Labor Code, and that any failure by Plaintiff and/or any putative class members to take meal or rest

5 periods was the result of their own exercise of discretion, independent judgment, and/or self-

6 determination, and/or their failure to follow Defendant's reasonable instructions and constituted a

7 waiver by Plaintiff and any putative class member to take such breaks.

8
## SIXTEENTH AFFIRMATIVE DEFENSE

9         AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

10 that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, to the

11 extent that: (1) Plaintiff and/or any putative class members worked shifts of six hours or less and

12 waived their meal periods; and/or (2) Plaintiff and/or any putative class members worked shifts of

13 twelve hours or less, took their first meal periods, and waived their second meal periods.

14
## SEVENTEENTH AFFIRMATIVE DEFENSE

15         AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

16 that all or some of the expenses allegedly incurred by Plaintiff and some, or all, of the putative class

17 members Plaintiff seeks to represent were not necessarily incurred in the course of carrying out

18 company-related business, were unnecessary, were unreasonable, or would have been otherwise

19 incurred regardless of their employment by Defendant.

20
## EIGHTEENTH AFFIRMATIVE DEFENSE

21         AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

22 that Plaintiff's and/or any putative class members' claims are barred under the *de minimis* doctrine.

23
## NINETEENTH AFFIRMATIVE DEFENSE

24         AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

25 that, assuming Defendant failed to comply with any provision of the Labor Code, Defendant

26 substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate

27 under the circumstances.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

**TWENTIETH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that even assuming, *arguendo*, Defendant failed to comply with California Labor Code section 226(a), Plaintiff and/or any putative class members are not entitled to recover any damages or penalties because the alleged failure to comply was not knowing or intentional.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that even assuming, *arguendo*, Defendant failed to comply with California Labor Code section 226(a), Plaintiff and/or any putative class members are not entitled to recover any damages or penalties they sustained no injury as a result of any such alleged failure to comply.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that application of the civil penalty provisions in California Labor Code sections 226(e) and 226.7 constitutes a denial of due process and an unconstitutional taking under the United States and California Constitutions, and that to the extent Plaintiff seeks statutory or other penalties, such claims must comport with the due process requirements described in *State Farm v. Campbell* (2003) 538 U.S. 408.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any putative class members suffered no cognizable injury under California Business and Professions Code section 17200 *et seq.* or any section of the California Labor Code, and therefore lack standing to pursue a representative action thereunder.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims for restitution pursuant to California Business and Professions Code section 17200 *et seq.*, are barred to the extent they constitute claims for damages.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1    <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

2    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3    that any recovery by Plaintiff is barred, in whole or in part, by the doctrine of avoidable

4    consequences because Defendant took reasonable steps to prevent and correct all allegedly improper

5    wage payments, and Plaintiff and/or any putative class members unreasonably failed to use the

6    preventative and corrective opportunities provided to them by Defendant, and reasonable use of

7    Defendant' procedures would have prevented at least some, if not all, of the harm Plaintiff and/or

8    any putative class members allegedly suffered.

9    <u>**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</u>

10    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

11    that to the extent Defendant acquire any evidence of wrongdoing by Plaintiff that would have

12    materially affected the terms and conditions of her employment, such after-acquired evidence shall

13    bar and/or limit Plaintiff's claims for damages and/or penalties.

14    <u>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

15    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

16    that to the extent Plaintiff and/or any putative class members have failed to exercise reasonable care

17    to mitigate their damages, if any were suffered, their right to recover against Defendant should be

18    reduced and/or eliminated by such a failure.

19    <u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

20    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

21    that any award to Plaintiff and/or any putative class members must be offset by the amount of any

22    compensation and/or other monies that they received from Defendant, at any time, which was in

23    excess of the amount owed to them.

24    <u>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</u>

25    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the

26    Complaint fails to state facts sufficient to entitle Plaintiff and/or any putative class members to

27    prejudgment interest, as the damages claimed are not sufficiently certain to allow an award of

28    prejudgment interest.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1

**THIRTIETH AFFIRMATIVE DEFENSE**

2     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3  that Plaintiff and/or any of the other putative class members lack standing to bring this action for,

4  and the Court lacks jurisdiction to award, certain of the penalties sought in the Complaint, as such

5  penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

6

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

7     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

8  that Plaintiff and/or any of the other putative class members are not entitled to equitable relief

9  insofar as they have adequate remedies at law and are not entitled to any relief with respect to any

10  and all alleged violations of California Business and Professions Code section 17200 *et seq.* that

11  have discontinued, ceased and are not likely to recur.

12

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

13     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

14  that injunctive relief is improper in this case as the harms alleged by Plaintiff and/or putative class

15  members have an adequate remedy at law.

16

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

17     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

18  that the alleged injuries suffered by Plaintiff and/or any of the other putative class members were not

19  proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or

20  tolerated by Defendant.

21

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

22     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

23  that Plaintiffs lacks standing to bring claims for civil penalties on behalf of himself or any other

24  allegedly aggrieved current or former employees pursuant to the PAGA because he has failed to

25  identify either in his LWDA Notice or in his Complaint other allegedly aggrieved current or former

26  employees.

27

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

28     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Plaintiff's and/or

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1    any allegedly aggrieved current or former employees' purported claims are such that they cannot be

2    tried on a representative PAGA basis because such (1) a determination requires complex factual

3    issues, (2) penalties could not be calculated on a representative basis, (3) any penalties that might be

4    proved would not be identical for all allegedly aggrieved current or former employees, (4) trying

5    such a representative action would be unmanageable, and (5) would be contrary to the legislative

6    intent of the PAGA.

7                                **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

8                AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

9    that, insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment

10   against it in a court of law, with respect to any of Plaintiff's and/or any allegedly aggrieved current

11   or former employees' underlying Labor Code claims, any civil penalties awarded to Plaintiff on

12   behalf of himself or any other allegedly aggrieved employee under the PAGA must be limited to

13   those penalties applicable to an initial violation.

14                                **RESERVATION OF ADDITIONAL DEFENSES**

15                Defendant reserves the right to amend this answer should it later discover facts

16   demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

17   the law support the inclusion of new and/or additional affirmative defenses.

18   \\\

19   \\\

20   \\\

21   \\\

22   \\\

23   \\\

24   \\\

25   \\\

26   \\\

27   \\\

28   \\\

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9.                                                                    RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.  That Plaintiff and/or the putative class members take nothing by way of the Complaint;

2.  That the Complaint be dismissed in its entirety with prejudice;

3.  That judgment be entered against Plaintiff and/or the putative class members and in favor of Defendant on all of Plaintiff's causes of action;

4.  That Defendant be awarded its costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

5.  For such other and further relief as the Court deems fair and just.

Dated: July 7, 2017

MICHELLE B. HEVERLY
SOPHIA BEHNIA
PERRY K. MISKA
LITTLER MENDELSON, P.C.

JAMES M. CLEARY, JR.
MARTIN, DISIERE, JEFFERSON &
WISDOM, LLP

Attorneys for Defendant
CERTIFIEDSAFETY INC.

Firmwide:148359416.4 093427.1002

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

10.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1

**PROOF OF SERVICE**

2

I, the undersigned, state:

3

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is LITTLER MENDELSON, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104.

4

5

On July 7, 2017, I served the foregoing document(s) described as:

6

- **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

7

8

on the interested parties by enclosing a true copy in a sealed envelope addressed as follows:

9

Edwin Aiwazian, Esq.
Lawyers for Justice, P.C.

10

410 West Arden Ave., Ste. 203
Glendale, CA 91203

11

Phone: (818) 265-1020
Fax:    (818) 265-1021

12

Email: edwin@lfjpc.com

13

*Attorney for Plaintiff*

14

15

☐    **VIA OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

16

17

18

☒    **VIA U.S. MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with Littler Mendelson, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

21

22

☐    **VIA FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

23

24

☐    **VIA ELECTRONIC MAIL**: Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the persons at the electronic service addresses listed as follows:

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Firmwide:148626182.1 093427.1002                    2.                    RG17857851
PROOF OF SERVICE

☐ **VIA MESSENGER SERVICE**: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

**DECLARATION OF MESSENGER**: I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above on July 7, 2017. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____          _____

                                                                    Signature of Declarant/Messenger

　　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　Executed on July 7, 2017, at San Francisco, California.

_____
                    JOANNA VENEGAS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:148626182.1 093427.1002                         3.                                    RG17857851

PROOF OF SERVICE

# EXHIBIT D

1  MICHELLE B. HEVERLY, Bar No. 178660
   mheverly@littler.com
2  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
3  PERRY K. MISKA, JR, Bar No. 299129
   pmiska@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, CA  94104
   Telephone:   415.433.1940
6  Fax No.:     415.399.8490

7  Attorneys for Defendant
   CERTIFIEDSAFETY INC.

8

**ENDORSED
FILED
ALAMEDA COUNTY**

JUL 1 0 2017

**CLERK OF THE SUPERIOR COURT**
**By** _____CURTIYAH GANTER_____
                          Deputy

9                    SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF ALAMEDA

11

12  TIERRE CRUMMIE, individually, and on        Case No.  RG17857851
    behalf of other members of the general
13  public similarly situated,                  ASSIGNED FOR ALL PURPOSES TO JUDGE
                                                BRAD SELIGMAN
14              Plaintiff,
                                                **DEFENDANT'S ANSWER TO**
15       v.                                     **PLAINTIFF'S FIRST AMENDED CLASS**
                                                **ACTION COMPLAINT FOR DAMAGES**
16  CERTIFIEDSAFETY INC., an unknown
    business entity, and DOES 1 through 100,
17  inclusive,

18              Defendant.
                                                Complaint Filed:  April 24, 2017
19

20

21

22

23

24

25

26

27

28

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

FAXED

COPY

1    Defendant CERTIFIEDSAFETY INC. ("CertifiedSafety" or "Defendant") hereby

2    answers the unverified First Amended Complaint ("FAC") filed by PLAINTIFF TIERRE

3    CRUMMIE ("Plaintiff") in the above-captioned matter as follows:

4    **GENERAL DENIAL**

5    Pursuant to the California Code of Civil Procedure § 431.30(d), Defendant generally

6    denies each and every allegation contained in Plaintiff's FAC. Defendant further denies that

7    Plaintiff has been damaged, has sustained or will sustain any loss or damage in any manner or

8    amount whatsoever, as a result of any act or omission on the part of Defendant.

9    **AFFIRMATIVE DEFENSES**

10    Defendant asserts the following affirmative and other defenses, which it has

11    designated, collectively, as "Affirmative Defenses." Defendant has not yet completed a thorough

12    investigation or completed discovery of all facts and circumstances of the subject matter of the FAC,

13    and accordingly, reserve the right to amend, modify, revise, or supplement its Answer, and to plead

14    such further defenses and take such further actions as it may deem proper and necessary in their

15    defense upon completion of said investigation and study. Without waiving or excusing Plaintiff's

16    burden of proof or admitting that Defendant has any burden of proof whatsoever, Defendant asserts

17    the following separate and distinct defenses and affirmative defenses:

18    **FIRST AFFIRMATIVE DEFENSE**

19    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

20    that the FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a

21    cause of action upon which relief may be granted.

22    **SECOND AFFIRMATIVE DEFENSE**

23    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

24    that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by the

25    applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure

26    sections 337, 338(a) and 340 and California Business and Professions Code section 17208.

27    **THIRD AFFIRMATIVE DEFENSE**

28    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by the doctrines of unclean hands, unjust enrichment, waiver, release, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff and/or any putative class members have released and/or waived any of the claims alleged in the FAC, and/or acknowledged an accord and satisfaction of any of the claims alleged in the FAC, their claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, on the grounds of res judicata and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by their consent to and/or voluntary participation in all or some of the acts alleges or conduct similar thereto.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, by their own breaches of the duties owed to Defendant under California Labor Code section 2850 *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any putative class members failed to properly exhaust all of their internal, contractual, administrative and/or statutorily required remedies prior to filing suit, and that such failure bars this suit in whole or in part and/or limits their claims.

## NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including without limitation numerosity, ascertainability, predominance, superiority, typicality,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  adequacy of both the proposed class representatives and proposed class counsel, and Defendant

2  further alleges that public policy considerations do not favor such a certification.

3  **TENTH AFFIRMATIVE DEFENSE**

4  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

5  that certification of a class, as applied to the facts and circumstances of this case, would constitute a

6  denial of Defendant' procedural and substantive rights to trial by jury, and/or to substantive and/or

7  procedural due process, in violation of the Fourteenth Amendment of the United States Constitution

8  and the Due Process and/or Equal Protection Clauses of the California Constitution.

9  **ELEVENTH AFFIRMATIVE DEFENSE**

10  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

11  that any violation of the California Labor Code or an Order of the California Industrial Welfare

12  Commission was an act or omission made in good faith, that Defendant had reasonable grounds for

13  believing that their policies and practices complied with applicable laws and regulations, and that

14  any violation thereof by Defendant was neither willful nor intentional.

15  **TWELFTH AFFIRMATIVE DEFENSE**

16  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

17  that Plaintiff's and/or any putative class members' claims fail because Plaintiff and any putative

18  class members have been fully paid all amounts legally owed to them by Defendant, and by

19  accepting the payments made to them, Plaintiff and/or any putative class members have effectuated

20  an accord and satisfaction of their claims.

21  **THIRTEENTH AFFIRMATIVE DEFENSE**

22  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

23  there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff

24  or to any putative class member, and if so, the amount thereof.

25  **FOURTEENTH AFFIRMATIVE DEFENSE**

26  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

27  that it neither knew nor should have known of any unpaid "off-the-clock" time worked by Plaintiff

28  and any putative class members.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1

### **FIFTEENTH AFFIRMATIVE DEFENSE**

2     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3  that they reasonably and in good faith provided meal and rest periods pursuant to the California

4  Labor Code, and that any failure by Plaintiff and/or any putative class members to take meal or rest

5  periods was the result of their own exercise of discretion, independent judgment, and/or self-

6  determination, and/or their failure to follow Defendant's reasonable instructions and constituted a

7  waiver by Plaintiff and any putative class member to take such breaks.

8

### **SIXTEENTH AFFIRMATIVE DEFENSE**

9     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

10  that Plaintiff's and/or any putative class members' claims are barred, in whole or in part, to the

11  extent that: (1) Plaintiff and/or any putative class members worked shifts of six hours or less and

12  waived their meal periods; and/or (2) Plaintiff and/or any putative class members worked shifts of

13  twelve hours or less, took their first meal periods, and waived their second meal periods.

14

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

15     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

16  that all or some of the expenses allegedly incurred by Plaintiff and some, or all, of the putative class

17  members Plaintiff seeks to represent were not necessarily incurred in the course of carrying out

18  company-related business, were unnecessary, were unreasonable, or would have been otherwise

19  incurred regardless of their employment by Defendant.

20

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

21     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

22  that Plaintiff's and/or any putative class members' claims are barred under the *de minimis* doctrine.

23

### **NINETEENTH AFFIRMATIVE DEFENSE**

24     AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

25  that, assuming Defendant failed to comply with any provision of the Labor Code, Defendant

26  substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate

27  under the circumstances.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1

## TWENTIETH AFFIRMATIVE DEFENSE

2      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3  that even assuming, *arguendo*, Defendant failed to comply with California Labor Code section

4  226(a), Plaintiff and/or any putative class members are not entitled to recover any damages or

5  penalties because the alleged failure to comply was not knowing or intentional.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

8  that even assuming, *arguendo*, Defendant failed to comply with California Labor Code section

9  226(a), Plaintiff and/or any putative class members are not entitled to recover any damages or

10 penalties they sustained no injury as a result of any such alleged failure to comply.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

12      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

13 that application of the civil penalty provisions in California Labor Code sections 226(e) and 226.7

14 constitutes a denial of due process and an unconstitutional taking under the United States and

15 California Constitutions, and that to the extent Plaintiff seeks statutory or other penalties, such

16 claims must comport with the due process requirements described in *State Farm v. Campbell* (2003)

17 538 U.S. 408.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

20 that Plaintiff and/or any putative class members suffered no cognizable injury under California

21 Business and Professions Code section 17200 *et seq.* or any section of the California Labor Code,

22 and therefore lack standing to pursue a representative action thereunder.

23

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

25 that Plaintiff's and/or any putative class members' claims for restitution pursuant to California

26 Business and Professions Code section 17200 *et seq.*, are barred to the extent they constitute claims

27 for damages.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2          AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

3    that any recovery by Plaintiff is barred, in whole or in part, by the doctrine of avoidable

4    consequences because Defendant took reasonable steps to prevent and correct all allegedly improper

5    wage payments, and Plaintiff and/or any putative class members unreasonably failed to use the

6    preventative and corrective opportunities provided to them by Defendant, and reasonable use of

7    Defendant' procedures would have prevented at least some, if not all, of the harm Plaintiff and/or

8    any putative class members allegedly suffered.

9

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

10          AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

11    that to the extent Defendant acquire any evidence of wrongdoing by Plaintiff that would have

12    materially affected the terms and conditions of her employment, such after-acquired evidence shall

13    bar and/or limit Plaintiff's claims for damages and/or penalties.

14

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15          AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

16    that to the extent Plaintiff and/or any putative class members have failed to exercise reasonable care

17    to mitigate their damages, if any were suffered, their right to recover against Defendant should be

18    reduced and/or eliminated by such a failure.

19

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20          AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

21    that any award to Plaintiff and/or any putative class members must be offset by the amount of any

22    compensation and/or other monies that they received from Defendant, at any time, which was in

23    excess of the amount owed to them.

24

### TWENTY-NINTH AFFIRMATIVE DEFENSE

25          AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the

26    FAC fails to state facts sufficient to entitle Plaintiff and/or any putative class members to

27    prejudgment interest, as the damages claimed are not sufficiently certain to allow an award of

28    prejudgment interest.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any of the other putative class members lack standing to bring this action for, and the Court lacks jurisdiction to award, certain of the penalties sought in the FAC, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any of the other putative class members are not entitled to equitable relief insofar as they have adequate remedies at law and are not entitled to any relief with respect to any and all alleged violations of California Business and Professions Code section 17200 *et seq.* that have discontinued, ceased and are not likely to recur.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that injunctive relief is improper in this case as the harms alleged by Plaintiff and/or putative class members have an adequate remedy at law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the alleged injuries suffered by Plaintiff and/or any of the other putative class members were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs lacks standing to bring claims for civil penalties on behalf of himself or any other allegedly aggrieved current or former employees pursuant to the PAGA because he has failed to identify either in his LWDA Notice or in his FAC other allegedly aggrieved current or former employees.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Plaintiff's and/or

1  any allegedly aggrieved current or former employees' purported claims are such that they cannot be

2  tried on a representative PAGA basis because such (1) a determination requires complex factual

3  issues, (2) penalties could not be calculated on a representative basis, (3) any penalties that might be

4  proved would not be identical for all allegedly aggrieved current or former employees, (4) trying

5  such a representative action would be unmanageable, and (5) would be contrary to the legislative

6  intent of the PAGA.

7  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

8  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges

9  that, insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment

10  against it in a court of law, with respect to any of Plaintiff's and/or any allegedly aggrieved current

11  or former employees' underlying Labor Code claims, any civil penalties awarded to Plaintiff on

12  behalf of himself or any other allegedly aggrieved employee under the PAGA must be limited to

13  those penalties applicable to an initial violation.

14  **RESERVATION OF ADDITIONAL DEFENSES**

15  Defendant reserves the right to amend this answer should it later discover facts

16  demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

17  the law support the inclusion of new and/or additional affirmative defenses.

18  \\\

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.    That Plaintiff and/or the putative class members take nothing by way of the FAC;

2.    That the FAC be dismissed in its entirety with prejudice;

3.    That judgment be entered against Plaintiff and/or the putative class members and in favor of Defendant on all of Plaintiff's causes of action;

4.    That Defendant be awarded its costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

5.    For such other and further relief as the Court deems fair and just.

Dated: July 7, 2017

MICHELLE B. HEVERLY
SOPHIA BEHNIA
PERRY K. MISKA
LITTLER MENDELSON, P.C.

Attorneys for Defendant
CERTIFIEDSAFETY INC.

Firmwide:148359416.4 093427.1002

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

RG17857851

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 years, and not a party to the within action.  My business address is LITTLER MENDELSON, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104.

On July 7, 2017, I served the foregoing document(s) described as:

- **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

on the interested parties by enclosing a true copy in a sealed envelope addressed as follows:

Edwin Aiwazian, Esq.
Lawyers for Justice, P.C.
410 West Arden Ave., Ste. 203
Glendale, CA 91203
Phone: (818) 265-1020
Fax:    (818) 265-1021
Email: edwin@lfjpc.com

*Attorney for Plaintiff*

☐ **VIA OVERNIGHT DELIVERY**:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **VIA U.S. MAIL**:  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with Littler Mendelson, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **VIA FAX TRANSMISSION**:  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.  No error was reported by the fax machine that I used.

☐ **VIA ELECTRONIC MAIL**:  Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the persons at the electronic service addresses listed as follows:

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Firmwide:148626182.1 093427.1002                    2.                         RG17857851

PROOF OF SERVICE

1

☐   **VIA MESSENGER SERVICE**:  I served the documents by placing them in an
2   envelope or package addressed to the persons at the addresses listed above and
providing them to a professional messenger service for service.

3   **DECLARATION OF MESSENGER**:  I personally delivered the envelope or
package received from the declarant above to the persons at the addresses listed
4   above.  For a party represented by an attorney, delivery was made to the attorney
or at the attorney's office by leaving the documents in an envelope or package,
5   which was clearly labeled to identify the attorney being served, with a receptionist
or an individual in charge of the office, between the hours of nine in the morning
6   and five in the evening; for a party, delivery was made to the party or by leaving
the documents at the party's residence with some person not younger than 18 years
7   of age between the hours of eight in the morning and six in the evening.  At the
time of service, I was over 18 years of age.  I am not a party to the above-
8   referenced legal proceeding.  I served the envelope or package, as stated above on
July 7, 2017.  I declare under penalty of perjury under the laws of the State of
9   California that the foregoing is true and correct.

    Dated: _____

10
                         _____
11                                  Signature of Declarant/Messenger

12    I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

13    Executed on July 7, 2017, at San Francisco, California.

14

15

16                JOANNA VENEGAS

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415 433 1940

Firmwide:148626182.1 093427.1002         3.         RG17857851

PROOF OF SERVICE